209 N.J. Super. 140 (1986)
506 A.2d 1302
RYSZARD RUTKOWSKI AND SOPHIA RUTKOWSKI, PLAINTIFFS-APPELLANTS,
v.
LIBERTY MUTUAL INSURANCE COMPANY AND AMERICAN MOTORISTS INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1986.
Decided March 31, 1986.
*141 Before Judges PRESSLER, DREIER and GRUCCIO.
George J. Duffy argued the cause for appellants (Baker, Garber, Duffy & Baker, attorneys; George J. Duffy, of counsel and on the brief).
Edward R. Schwartz argued the cause for respondent Liberty Mutual Insurance Company (Schwartz & Andolino, attorneys; Edward R. Schwartz, of counsel; Wayne D. Greenfeder, on the brief).
Anthony C. Stuart argued the cause for respondent American Motorists Insurance Company (Sellar, Richardson & *142 Stuart, attorneys; Anthony C. Stuart, of counsel and on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiffs have appealed from a summary judgment dismissing their complaint against defendant insurance companies on statute of limitation grounds. The dismissed complaint had been filed 26 months after plaintiffs' accident.
Plaintiff Ryszard Rutkowski was injured when his right hand was caught in an unguarded rolling mill, resulting in severe permanent injuries. Plaintiffs initially had filed a timely complaint naming both specific and "John Doe" defendants as being "the designers of, manufacturer of, seller of, distributor of, repairer of, modifier and/or renovator of, or ... otherwise responsible for" the machine that injured plaintiff Ryszard Rutkowski. Defendants Liberty Mutual Insurance Company and American Motorists Insurance Company are successive workers' compensation insurers of plaintiff's employer. Plaintiff contended in the dismissed complaint that defendants' negligence in the performance of safety and engineering inspections and in the furnishing of loss control services to plaintiff's employer was a partial cause of his injury. Shortly after the filing of the new complaint, plaintiffs moved for its consolidation with the previously-filed action, but this motion was denied. Defendants thereafter were granted summary judgment as noted above, and this appeal ensued.
In their appellate briefs the parties focus solely on the application of the discovery rule as authorization for the late filing of this complaint. Between the time of the filing of the briefs and oral argument, however, the Supreme Court decided Viviano v. CBS, Inc., 101 N.J. 538 (1986). At oral argument we discussed with counsel the issue of whether under the principles of Viviano the original "John Doe" designation in the parallel suit was sufficient to have covered the defendants *143 in this action. We established a supplemental briefing schedule so that counsel could meet this issue. It appeared to us that if defendants could have been added to the timely-filed initial action, with plaintiffs' claims relating back under R. 4:26-4 to the initial filing of that matter, the policies underlying the statute of limitations might not have justified dismissal of this parallel action[1].
We will approach this matter as if plaintiffs had made an application to add the insurance companies as defendants in the earlier-filed action[2]. As noted earlier, both the named and fictitious defendants were alleged to be those who had designed, manufactured, sold, distributed, repaired, modified, renovated, or were "otherwise responsible" for the allegedly defective machine. We cannot imagine that this quoted phrase would have indicated to even the most thorough reader that plaintiffs intended to make a claim for negligent safety inspections. In fact, plaintiffs had dealt with defendant Liberty *144 Mutual Insurance Company, which allegedly performed the inspections, since before the inception of the initial action without thought on the part of either party that they were potential adversaries. Only after plaintiffs' belated discovery of the insurers' role as safety consultants did this theory of liability emerge.
R. 4:26-4 provides:
In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name, such motion to be accompanied by his affidavit stating the manner in which he obtained that information. If, however, defendant acknowledges his true name by written appearance or orally in open court, the complaint may be amended without notice and affidavit. No final judgment shall be entered against a person designated by a fictitious name.[3]
As the Supreme Court noted in Viviano, in an industrial accident
the injured worker generally knows that he or she has been injured and that the injury is attributable to the act of another. Consequently, it behooves the worker to consult counsel promptly. It then becomes incumbent on counsel to investigate the matter, retain experts if required, and institute suit when the facts suggest a claim is well-founded. If counsel is uncertain about the identity of the culpable party, he or she may resort to the fictitious-name procedure in R. 4:26-4 ... [101 N.J. at 547-48].
In Viviano the "John Doe" defendant designations were noted as the "manufacturer ... installer ... and distributor" of the record press machine in which plaintiff's hand was injured. There was no express allegation "against any component manufacturer, either by specific identification or through the fictitious-name procedure authorized by Rule 4:26-4." Viviano at 543. Thereafter, the Viviano complaint was amended six times, the intermediate amended complaints not even including the "John Doe" designations. In the sixth amended complaint, *145 the "John Doe" designation was reinstated and in that complaint defendant Sybron, a component manufacturer, originally disclosed by the primary defendant two years and one month prior to the filing of the amended complaint, was first named by plaintiff. C.B.S., the primary defendant, was found, however, to have detached the timer prior to plaintiff's inspection of the machine and to have suppressed an internal memorandum inculpating the timer as a prime cause of the accident. The trial judge permitted the amendment and denied dismissal on statute of limitations grounds on the basis of the discovery rule. The Appellate Division reversed, also on discovery rule grounds, but noted that had the fictitious defendant designation been carried through in the various intermediate amended complaints, the broad designation of a "John Doe" defendant as the "manufacturer" of the record press machine would have been sufficient to include Sybron. The dissenting judge in the Appellate Division would have found either the discovery rule or the "John Doe" practice sufficient to have preserved plaintiff's claim against Sybron.
The Supreme Court distinguished the policy considerations separating on one hand the discovery rule deferring the accrual of the cause of action and on the other the fictitious defendant practice, which satisfies the statute by permitting the relation back of an amendment identifying the responsible party. Prior to Viviano, in Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 120-123 (1973), the Supreme Court had permitted the later identification of a fictitious defendant alleged to have been the assembler, supplier, or seller of the machine causing plaintiff's injuries. There the missing defendant was correctly identified as to the capacity in which it had been sued. In Viviano, however, the court permitted specific language of the complaint to be broadly construed to allege a cause of action against the manufacturer of a defective component notwithstanding the lack of any direct allegation against a component manufacturer:
In more general language, the complaint alleged further: `Defendant, JOHN DOE COMPANY, negligently, carelessly and recklessly designed, constructed, *146 manufactured and tested the Record Press Machine purchased and used by the Columbia Broadcasting System, Columbia Records Division.' Construing the complaint liberally in the interest of justice, as Rule 4:5-7 mandates, we find that it alleges a cause of action against the manufacturer of a defective component, such as the timer.
We recognize that the designation of the fictitious defendant in the complaint could have been more precisely drawn to set forth that it also applied to the manufacturer of any components of the press.... [Viviano, 101 N.J. at 553-54.]
Similarly, in the case before us there had been no specific designation of the basis of the missing defendant's responsibility. There was only general language indicating that the basis might go beyond the specific capacities alleged. Such language would have put no insurer or other safety inspector on notice of the claim alleged. But notice is, in any event, a fiction in a case such as Viviano or the one before us.[4] Except in the most unusual case, the potential defendant has no occasion to be aware of the pendency of the action. Especially in industrial accident cases, the constraints of discovery are such that the two year statute of limitations is often insufficient. So that there will be some reasonable repose to this litigation, the Supreme Court has determined that the complaint must be filed within the statutory period, but, with a fictitious defendant designation in the complaint, discovery may yield not just the true name of the unknown defendant, but also some related bases of liability.
We are faced, however, with the provision in R. 4:26-4 requiring the fictitious name designation to have appended to it "an appropriate description sufficient to identify" the defendant. *147 Even applying the liberal construction of Viviano, we are constrained to say that the designation here applied, one "otherwise responsible," was insufficient to satisfy this provision. Viviano makes it clear that R. 4:26-4 may be relaxed where there is an imprecise but similar allegation against the excluded defendant as to the capacity in which it was later alleged to be responsible. In Viviano, the court relaxed the designation requirement because a manufacturer of a component was sufficiently akin to the manufacturer of the machine itself. 101 N.J. at 544.
The court's direction as to future designation of "John Doe" defendants supports the view that there must be at least a general designation of the fictitious defendant.
For the future, however, a plaintiff who is injured in an industrial accident should at least name as fictitious parties, if their true identities are unknown, those entities that designed, manufactured, and maintained the subject machine and its component parts. Furthermore, the plaintiff should allege in the body of the complaint, in general terms if necessary, his or her causes of action against those entities. (Id. at 555).
Plaintiff's allegations here cannot be so construed. To permit such a general description of the fictitious defendant as the one before us (one "otherwise responsible"), would emasculate even our liberal pleading rules. See R. 4:5-2. A plaintiff could file a complaint on the last day before the statute of limitations would run alleging merely that he was injured in a particular situation and that "John Doe(s) were negligent and responsible for plaintiff's loss." He later could amend to include both the defendants' names and the bases of responsibility. We realize that with a long enough list of bases for liability, the "John Doe" practice can now approximate this result, but we cannot permit the complete frustration of the principle that a complaint must generally state the facts showing that the pleader is entitled to relief. Spring Motors Distributor, Inc. v. Ford Motor Co., 191 N.J. Super. 22, 29-30 (App.Div. 1983), aff'd in *148 part and rev'd in part on other grounds, 98 N.J. 555 (1985).[5]
The summary judgment appealed from is affirmed.
NOTES
[1] Although plaintiffs' counsel at oral argument explained that his practice was to file independent actions against new defendants and then move to consolidate, we suggest that the better practice is to file amended complaints, with leave of court where necessary, thus avoiding precisely the procedural tangle before this court.
[2] We dismiss out of hand the discovery rule argument raised by plaintiffs. From the date of the accident plaintiffs knew the extent of the injuries and the instrumentality causing the loss and could have analyzed the various legal theories upon which responsible entities could have been joined. The legal theory upon which defendants might have been held liable was discussed in detail in Jackson v. N.J. Manufacturers Co., 166 N.J. Super. 448, 456-460 (App. Div.), certif. den. 82 N.J. 330 (1979). Even if this theory were more arcane, "[t]here is no suggestion in any of the leading cases in this area that accrual of the cause of action is postponed until plaintiff learns or should learn the state of the law positing a right of recovery upon the facts already known to or reasonably knowable by the plaintiff." Burd v. N.J. Telephone Co., 76 N.J. 284, 291-92 (1978). See also Viviano v. CBS, Inc., supra, 101 N.J. at 546-47. There was nothing withheld or hidden from plaintiffs; they merely did not inquire into the existence of safety reports until after the statute of limitations had run. Therefore by the exercise of reasonable diligence plaintiffs could have discovered the alleged negligence of the insurers.
[3] Federal practice in New Jersey is to the contrary. See Britt v. Arvanitis, 590 F.2d 57 (3rd Cir.1978), in which our "John Doe" practice and relation back of amendments was criticized and found not binding upon the federal courts.
[4] Plaintiffs have asserted that no hardship would be imposed upon the insurers if this claim is allowed. Liberty Mutual has been in the case since its inception as the workers' compensation carrier paying for plaintiff's medical expenses, and was, we assume, fully familiar with its own safety reports to the employer. But, as noted in Viviano, lack of prejudice is not a factor in the application of R. 4:26-4, as it is in R. 4:9-3 governing the relation back of amendments.
[5] Without a designation of a defendant by name or a description of a fictitious defendant at least showing the capacity in which the missing party is sued, R. 4:5-2 cannot be satisfied. See also discussion in Schnitzer and Wildstein, N.J. Rules Service, (1954), annotation to R.R. 4:8-1, § 7 at AIV-140-141, and 4-27-61 supplement at 74-76. Where a party is properly designated a subsequent motion for a more definite statement or answer to interrogatories can supplement information and apprise a defendant of the full particulars of a claim. But without even a designation of the manner in which a "John Doe" may be responsible, no adequate claim can be said to have been made. This analysis is consistent with the requirement in R. 4:26-4 that in a "John Doe" pleading, there must be "an appropriate description sufficient to identify" the fictitious defendant.