236 N.J. Super. 595 (1989)
566 A.2d 581
LULA B. YOUNGER AND SHIRLEY SCOTT, PLAINTIFFS,
v.
GEORGE F. KRACKE, JANE DOE, A FICTITIOUS NAME, AND JOHN DOE, A FICTITIOUS NAME, DEFENDANTS. GEORGE F. KRACKE, THIRD-PARTY PLAINTIFF,
v.
MARION S. DANIELS AND JOSEPH T. DANIELS, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided August 31, 1989.
*597 John E. Ruggieri for plaintiffs (William J. Ewing, attorney).
Roy R. Macaluso for third-party defendants, Marion S. Daniels and Joseph T. Daniels (Maloof, Lebowitz & Bubb, attorneys).
No appearance for defendant/third-party plaintiff, George F. Kracke (Soriano, Henkel, Biehl, Matthews, Marinello & Riva, attorneys).

OPINION
VILLANUEVA, J.S.C.
This is a negligence action arising out of a three-car automobile accident. Despite the fact that a police report was prepared, the plaintiffs' attorney specifically identified only one driver as a defendant and used "John Doe" and/or "Jane Doe", fictitious names for the other driver, when he filed the complaint on the last day before the statute of limitations would have expired.
The issue is whether the plaintiff, who used a fictitious name for one of the defendant drivers involved in an accident, may substitute the true name of the driver after the statute of limitations has expired when the name of that driver and the name of his insurance company is contained in the police report prepared on the day of the accident.
The court holds that plaintiffs' failure to obtain a police report, which would have disclosed the name, address and insurance company of all of the drivers, constitutes a lack of diligence which precludes his use of the fictitious name procedure authorized by Rule 4:26-4.
According to the police report, on December 11, 1985, Marion and Joseph Daniels were traveling north on the Garden State Parkway when they experienced a blowout of their right rear tire. The driver, Marion Daniels, lost control of her vehicle, struck a parked tow truck, continued north, traversing the right *598 shoulder, and ultimately stopped, facing south. Plaintiff Shirley Scott was a passenger in a vehicle operated by plaintiff Lula B. Younger, which was traveling directly behind the Daniels' vehicle. When the Daniels' vehicle went out of control, Younger stopped her vehicle and was struck in the rear by defendant Kracke. The Daniels' vehicle never came into contact with either the Younger vehicle or the one operated by Kracke.
On December 11, 1987, exactly two years after the accident occurred, the plaintiffs filed a complaint naming as defendants, George F. Kracke, and Jane Doe and John Doe, fictitious names. For some unexplained reason, defendant Kracke did not answer the complaint until January 18, 1989.
On March 13, 1989, defendant Kracke notified plaintiffs' attorney that he would apply to the court on March 31, 1989 to file a third-party complaint against Marion S. Daniels and Joseph T. Daniels, seeking contribution in accordance with the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. The motion was granted.
It was not until August 4, 1989, over three and one-half years after the original complaint was filed, that the plaintiffs' attorney sought to amend the complaint to substitute as direct defendants, Marion S. Daniels and Joseph T. Daniels, for the originally named Jane Doe and John Doe, fictitious names.
The reason that plaintiffs' attorney gives for making the motion at this time is that interviews of the plaintiffs revealed that there was another car in the accident which forms the basis of this suit. He asserts that at the time the complaint was filed, he was unable to ascertain the identity of the person operating the other vehicle and therefore used fictitious names. He states that on May 24, 1989, upon receipt of answers to interrogatories propounded to the third-party defendants, Marion S. Daniels and Joseph Daniels, it was disclosed that counsel for defendant Kracke had identified the driver of the other vehicle. However, plaintiffs' attorney knew the names as early *599 as March 13, 1989 when he received notice that a third-party complaint was being filed.
Lastly, plaintiffs contend that the Daniels have not been prejudiced by not having been made direct defendants before the statute of limitations expired.
The Daniels contend, however, that plaintiffs have failed to meet the applicable standard for the invocation of Rule 4:26-4 and that this cause of action is barred by the statute of limitations.
They urge that plaintiffs cannot possibly say that the identity of Marion S. Daniels and Joseph T. Daniels was "unknown" to them, despite diligent efforts to ascertain such identity, since a mere phone call to the State Police would have revealed the Daniels' identity.
Secondly, the Daniels assert that if the motion is granted, plaintiffs will be able to proceed directly against them. On the other hand, if the motion is denied, the Daniels may be liable for contribution to defendant/third-party plaintiff only if Kracke were found to be negligent.
Lastly, the Daniels contend that they have justifiably relied on the lapse of time in believing that no cause of action arose from their accident. Since their vehicle never came in contact with either that of the plaintiff or defendant, they reasonably assumed that they would be free from litigation concerning the accident.
Rule 4:9-3 permits relation back of a pleading only when a plaintiff is unable to ascertain the name of a proper party or makes a mistake concerning his identity. See Hernandez v. St. James Hosp., 214 N.J. Super. 538, 543 (App.Div. 1986); Carrino v. Novotny, 78 N.J. 355, 367 (1979); Aruta v. Keller, 134 N.J. Super. 522 (App.Div. 1975); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973).
Every action at law for an injury to the person "shall be commenced within two years next after the cause of any such *600 action shall have accrued". N.J.S.A. 2A:14-2. It has been recognized consistently that the general principle of the statute of limitations is to stimulate litigants to pursue their causes of action diligently and to spare courts from litigation of stale claims. The statute is meant to penalize dilatoriness and protect considerations of essential fairness to defendants. See Rivera v. Prudential Property & Cas. Ins. Co., 104 N.J. 32, 39 (1986); Viviano v. CBS, Inc., 101 N.J. 538, 547 (1986); Ochs v. Federal Ins. Co., 90 N.J. 108, 112 (1982); Galligan v. Westfield Centre Service, Inc., 82 N.J. 188, 191-193 (1980); Farrell v. Votator Div. of Chemetron Corp., supra, 62 N.J. at 115.
This generally strict rule of limitations is subject to the "fictitious defendant" rule which provides, in pertinent part:
"In any action ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him." R. 4:26-4.
Where a defendant is sued in a fictitious name because of plaintiff's inability to ascertain his identity despite diligent efforts, the complaint may be amended after the statute of limitations has run to substitute defendant's true name and effect service on him, particularly where the defendant can show neither prejudice resulting from, nor reliance upon, the lapse of time. Fede v. Clara Maass Hosp., 221 N.J. Super. 329, 335 (Law Div. 1987).
Obviously, "the first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be `unknown' to the plaintiff." Marion v. Borough of Manasquan, 231 N.J. Super. 320, 334 (App.Div. 1989). (Where users of beach, who were allegedly unlawfully detained and arrested by police in connection with their use of beach without a badge, could not amend complaint to substitute for fictitious names, the actual names of arresting officers and those with whom they had come in contact at police station, after statute of limitations for actions against such persons had expired, where *601 users knew identity of those officers well before limitations expired.)
Here, it cannot be said that the identities of Marion S. Daniels and Joseph T. Daniels was such so as to render them "unknown" to the plaintiffs despite "diligent efforts" to ascertain such identities. A phone call to the State Police where they knew that the reports concerning both the Daniels and the Younger-Kracke accidents were filed would have revealed the Daniels' identity and allowed the plaintiffs to name them individually in the original complaint. However, the plaintiffs did not even make this simple inquiry to ascertain the true identity of these parties.
Both plaintiffs knew that the State Police had investigated the accidents because they both gave statements to the State Police investigator on the scene (which is reflected in the police report) which report states that Marion S. Daniels said she was driving a car owned by Joseph J. Daniels and gave her version of the accident. The comprehensive investigation by the State Police also included taking six photographs.
It is common knowledge that the State Police patrol the Garden State Parkway and are required to prepare accident reports with reference to any motor vehicle accident that they investigate, pursuant to N.J.S.A. 39:4-131. Such written reports are not privileged or held confidential, and every citizen has the right to inspect and copy such reports.
Under the "discovery rule" a cause of action does not accrue "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973). By suspending the statute of limitations when the plaintiff is unaware of his or her injuries or of the culpability of another, the discovery rule serves a different purpose from the fictitious-party practice under Rule 4:26-4, which suspends the statute when the plaintiff is unaware of the true identity of the defendant. Viviano v. CBS, *602 Inc., supra 101 N.J. at 547. Lawrence v. Bauer Publishing & Printing Ltd., 78 N.J. 371, 375-376 (1979).
Where the plaintiff does not know or have reason to know that he has a cause of action against an identifiable defendant until after the normal period of limitations has expired, the considerations of individual justice and the considerations of repose are in conflict and other factors may be brought fairly into play.
On the other hand, "when a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice, as well as the broader considerations of repose, coincide to bar his action." Farrell v. Votator Div. of Chemetron, supra, 62 N.J. at 115.
Plaintiffs contend that individual defendants may be named after the period of limitations has expired so long as there is no showing of prejudice to them by reason of the late joinder. Such a broad proposition is not substantiated by any case decided by either the Appellate Division or the Supreme Court and ignores the holding in Farrell v. Votator Div. of Chemetron Corp., supra; Marion v. Borough of Manasquan, supra, 231 N.J. Super. at 335.
Balancing the considerations of individual justice and repose, as was done in Fernandi v. Strully, 35 N.J. 434, 450 (1961), and Farrell v. Votator Div. of Chemetron Corp., supra, 62 N.J. at 122 the failure of plaintiffs' attorney to ascertain promptly the true names of the owner and operator of the other car constitutes a lack of diligence.
The statute of limitations is meant to "protect considerations of essential fairness to defendant". Because of their failure to diligently pursue their cause of action, the plaintiffs have lulled the Daniels into a false sense of security regarding the accident. If the court were to allow the plaintiffs to amend their original complaint to substitute the Daniels as direct defendants, *603 it would not only fail to "penalize delay" on the plaintiffs' part, but would also disregard "considerations of essential fairness to defendants", thereby violating the purpose behind the statute of limitations.
Since the plaintiffs failed to use diligent efforts to ascertain the true identities of Marion S. Daniels and Joseph T. Daniels, their motion to amend the original complaint to substitute the Daniels as direct defendants is denied.