261 N.J. Super. 232 (1992)
618 A.2d 864
JUAN CARDONA, PLAINTIFF-APPELLANT,
v.
DATA SYSTEMS COMPUTER CENTRE, ALFREDO ANDRE, ISRAEL VIZCAINO, EILEEN F. VIZCAINO AND JOHN DOE (A FICTITIOUS NAME), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 24, 1992.
Decided December 23, 1992.
*233 Before Judges ANTELL, SKILLMAN and VILLANUEVA.
Richard J. Zeitler, attorney for appellant.
Robert A. Auerbach, attorney for respondents Israel Vizcaino and Eileen F. Vizcaino (Randi S. Greenberg, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
On July 31, 1986, plaintiff was a passenger in a motor vehicle which was involved in an accident with two other vehicles. On July 5, 1988, plaintiff filed suit against the owner of the vehicle, Data Systems Computer Centre, and the operator, Alfredo Andre. The suit also named as a defendant John Doe, who was identified as the driver of one of the other vehicles involved in the accident. On July 8, 1991, plaintiff dismissed his suit against Data Systems and Andre with prejudice. On June 18, 1991, plaintiff filed an amended complaint adding as defendant Eileen F. Vizcaino, who was identified as the operator of one of *234 the other vehicles involved in the accident, and Israel Vizcaino, who was identified as the owner.
The Vizcainos moved to dismiss the complaint on the ground that it was barred by the statute of limitations. Eileen Vizcaino submitted a supporting affidavit which stated that the police had come to the accident scene and completed a report listing the names and addresses of all the parties involved. Her affidavit also stated that she and Israel Vizcaino continued to reside at the address listed in the police report until November 8, 1988, at which time they moved, leaving a forwarding address.
On November 22, 1991, the trial court entered an order dismissing plaintiff's complaint against the Vizcainos on the ground that it was barred by the applicable statute of limitations. We affirm.
Plaintiff concedes that his amended complaint, in which the Vizcainos were first named as defendants, was not filed within the two year period provided by N.J.S.A. 2A:14-2 for filing a personal injury action. However, plaintiff argues that his amended complaint "related back" to his original complaint, which was filed within two years of accrual of his cause of action. Plaintiff relies upon Rule 4:26-4, which states in pertinent part that "... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him," and that when plaintiff learns defendant's identity, "[p]laintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name." Plaintiff asserts that he complied with this rule in his original complaint by naming a fictitious "John Doe," identified as the driver of the "other car," as a defendant.
However, the fictitious name practice authorized by Rule 4:26-4 may be used only when plaintiff does not know or have reason to know the identity of an alleged culpable party. "When a plaintiff knows or has reason to know that he has a *235 cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his claim." Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115, 299 A.2d 394 (1973); see also Marion v. Borough of Manasquan, 231 N.J. Super. 320, 334-35, 555 A.2d 699 (App.Div. 1989).
Plaintiff knew or by the exercise of due diligence could have ascertained the identity of the Vizcainos before filing his complaint. The police investigated the accident and prepared a report which revealed the names and addresses of the parties involved. Plaintiff could have obtained a copy of that report and discovered the identity of the Vizcainos. However, he and his counsel failed to make this easy and routine inquiry. This failure constituted a lack of due diligence and foreclosed plaintiff from invoking the fictitious name practice. Younger v. Kracke, 236 N.J. Super. 595, 566 A.2d 581 (Law Div. 1989).
Affirmed.