649 A.2d 111

LILLIAN DIMURA, PLAINTIFF–APPELLANT, v. ANDREW KNA-PIK, ESTATE OF DANIEL L. GIULIANO, THE STONE PONY, KERRY ENTERPRISES, XYZ CORP., JOHN DOE, RICHARD ROE, JANE DOE AND MARY ROE (FICTITIOUS NAMES FOR ENTITIES OR INDIVIDUALS WHOSE TRUE IDENTITY IS UNKNOWN AT PRESENT), DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 24, 1994—Decided November 16, 1994.

158

Before Judges DREIER, VILLANUEVA and BILDER.

*Richard C. Swarbrick,* attorney for appellant (*Mr. Swarbrick,* of counsel and on the brief).

Respondents did not appear.

The opinion of the court was delivered by

VILLANUEVA, J.A.D.

Plaintiff appeals from the dismissal without prejudice of her personal injury complaint because the proceeding against one of the defendants was stayed in the Bankruptcy Court and from the denial of her motion to file an amended complaint against the New Jersey Highway Authority (Garden State Parkway) and the State of New Jersey, substituting them for fictitious defendants. We reverse the dismissal of the complaint, but affirm the denial of the motion to amend the complaint.

On or about June 27, 1989, plaintiff, Lillian DiMura, was a passenger in a vehicle, owned by Andrew Knapik and driven by Daniel Giuliano, which was proceeding northbound on the Garden State Parkway (Parkway). At about Milepost 115.2, an animal ran into the highway causing Giuliano to swerve into a guardrail which pierced the windshield of the car causing Giuliano's death and severe injuries to plaintiff.

Plaintiff's attorney filed a motion dated October 11, 1989 for leave to file a late notice of claim pursuant to *N.J.S.A.* 59:8–9 against the New Jersey Highway Authority and the State of New Jersey which motion the court granted.

On November 5, 1990, plaintiff's substituted counsel filed a complaint alleging negligence against Andrew Knapik, the Estate of Daniel L. Giuliano (Giuliano having died shortly after the accident), The Stone Pony (the club where Giuliano and DiMura had been entertaining prior to traveling on the Parkway and where both had apparently been served drinks), ABC Corp., XYZ Corp., John Doe, Richard Roe, Jane Doe and Mary Roe.

On January 17, 1991, plaintiff's lawyer was notified that Kerry Enterprises, t/a The Stone Pony, had filed a Petition in Bankruptcy, placing a stay on all suits against The Stone Pony. This stay is apparently still in effect. On March 26, 1991, a first amended complaint was filed to include Kerry Enterprises as a defendant.

Defaults were subsequently entered against defendants, The Stone Pony, Andrew Knapik and Estate of Daniel L. Giuliano. Because The Stone Pony had gone into bankruptcy, the trial judge refused to conduct the proof hearing because he could not assign a dollar amount to each defendant, even as to the non-bankrupt defendants, until the stay was lifted. *See R.* 4:43–2(d). Therefore, the case was put on an inactive status. The case was returned thereafter to plaintiff's first lawyer.

On September 17, 1992, a notice of motion to dismiss plaintiff's complaint for want of prosecution pursuant to *R.* 1:13–7 was sent by the court to plaintiff's first lawyer. Notwithstanding the inactive status, the case was administratively dismissed without prejudice.

The second attorney was again substituted as counsel for plaintiff on June 22, 1993. He was given the file, but it did not contain the administrative dismissal. He found out about the dismissal order only when he went to the county clerk's office and saw the original order.

Counsel then moved to vacate the administrative dismissal and have the complaint amended to include the New Jersey Highway Authority (Garden State Parkway) and State of New Jersey, their agents, servants or employees, or independent contractors. The motion was denied by order dated October 22, 1993, but the judge did not give any reasons for the denial, even though the trial judge is required to do so. *R.* 1:6–2(f). Furthermore, once a notice of appeal has been filed, reasons must also be given to the Appellate Division, *R.* 2:5–1(b), which was not done.

The motions were resubmitted and by order dated November 19, 1993, the motions were once again denied without prejudice and the judge again gave no reasons on the record.

Plaintiff appeals from the orders of October 22 and November 19, 1993.

## I.

■ The trial court should have granted plaintiff's motion to vacate the order of dismissal without prejudice for lack of prosecution under *R.* 1:13–7(a). *See Mason v. Nabisco Brands, Inc.* 233 *N.J.Super.* 263, 269–70, 558 *A.*2d 851 (App.Div.1989).

Here, the order of dismissal specifically provided that it was without prejudice, and the motion was also timely brought under the provisions of *R.* 4:50–1(a) or (f) and *R.* 4:50–2. Furthermore, whether the dismissal was caused by "mistake" of the attorney or the Court is immaterial.

If the stay is no longer in effect, discovery should be permitted and a trial date set. If the stay is still in effect, plaintiff is at least entitled to a proof hearing as to the liability of other defendants.

## II.

■ Plaintiff contends that the trial court erred by refusing to permit substitution of the New Jersey Highway Authority and the State for the "John Doe" defendants.

More than four years after the accident, plaintiff again moved to amend the complaint. A fifth count was added in the proposed second amended complaint, which set forth an entirely new cause of action alleging that:

the defendants, NEW JERSEY HIGHWAY AUTHORITY (GARDEN STATE PARKWAY) and the STATE OF NEW JERSEY, formerly designated in the original Complaint as "John Doe" and "Richard Roe", their agents, servants or employees or independent contractors, negligently and carelessly maintained the guardrail at the area and roadway including but not limited to the guardrail, supervision of animals and/or construction, maintenance, supervision and control of the roadway such that the motor vehicle being operated by defendant, Daniel L. Giuliano and owned by defendant, Andrew Knapik, left the improperly maintained roadway and struck the guardrail, causing serious and permanent injuries to the plaintiff and the death of Daniel L. Giuliano.

*R.* 4:26–4 provides:

In any action, irrespective of the amount in controversy, other than an action governed by *R*. 4:4–5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.

This is not a case involving fictitious defendants. Plaintiff knew the names of the two allegedly culpable public entities from the time of the accident or at least, October 11, 1989, when she made the motion to file a late notice of claim against the two public entities.

Thus, plaintiff clearly knew the identities responsible for the guardrail when the first attorney withdrew because of a potential conflict of interest. It is a mystery to us why the public entities were not joined as defendants in the original complaint. Then plaintiff waited almost three years before making a motion to substitute these entities for the fictitious defendants.

*R.* 4:26–4 provides that if the defendant's true name is unknown to plaintiff, plaintiff may use a fictitious name and add an appropriate description sufficient to identify him. *See Rutkowski v. Liberty Mutual Insurance Co.*, 209 *N.J.Super.* 140, 146–47, 506 *A.*2d 1302 (App.Div.1986). In *Rutkowski*, we held that the general category of "one otherwise responsible" was insufficient to satisfy this requirement. *Id.* at 147, 506 *A.*2d 1302.

Even if plaintiff herein did not know the true identities of the culpable parties, she still could not substitute for "John Doe" defendants because they were not properly identified. The only negligence alleged in the original complaint was negligent operation of a motor vehicle by Giuliano "so as to strike and collide with a guardrail," and negligent serving or dispensing of alcoholic beverages to Giuliano.

In addition, plaintiff clearly did not proceed with due diligence. After filing a complaint which includes a fictitious defendant, plaintiff is required to proceed diligently to amend the complaint. *Farrell v. Votator Division of Chemetron Corp.*, 62 *N.J.* 111, 120, 299 *A.*2d 394 (1973); *Fede v. Clara Maass Hospital,*

221 *N.J.Super.* 329, 331–32, 534 *A.*2d 443 (Law Div.1987). As we said in *Cardona v. Data Systems Computer,* 261 *N.J.Super.* 232, 618 *A.*2d 864 (App.Div.1992):

> the fictitious name practice authorized by *Rule* 4:26–4 may be used only when plaintiff does not know or have reason to know the identity of an alleged culpable party. "When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his claim." *Farrell v. Votator Division of Chemetron Corp.* 62 *N.J.* 111, 115, 299 *A.*2d 394 (1973); *see also Mario v. Borough of Manasquan,* 231 *N.J.Super.* 320, 334–35, 555 *A.*2d 699 (App.Div.1989)

[*Id.* at 234–35, 618 *A.*2d 864].

*See also Younger v. Kracke,* 236 *N.J.Super.* 595, 600–62, 566 *A.*2d 581 (Law Div.1989).

### III.

We reverse the dismissal of the complaint and remand the case to be restored by the trial court, but we affirm the order denying plaintiff's motion to be allowed to amend her complaint to include as defendants the New Jersey Highway Authority (Garden State Parkway) and the State of New Jersey, its agents, servants or employees or independent contractors.