### Julie ARROYO, Plaintiff,

### v.

### PLEASANT GARDEN APARTMENTS; Stockton Station Apartments; Federal Home Mortgage Corporation ("Freddie Mac"); John Does 1–100; ABC Partnership; XYZ Corporation; Individually, Jointly, Severally and/or in the alternative, Defendants.

### No. CIV.A. 97–3631.

United States District Court, D. New Jersey.

Sept. 18, 1998.

Janine Faulkner, Morcate & Faulkner, P.C., Camden, NJ, for Plaintiff.

William P. Cunningham, Heim, McEnroe & Urciuoli, Florham Park, NJ, for Defendant, Federal Home Loan Mortgage Corporation.

## OPINION

ORLOFSKY, District Judge.

Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), has filed a motion for summary judgment, on the ground that the Plaintiff's state common law negligence claims are timebarred. More specifically, Freddie Mac argues that Plaintiff's amendments to her original Complaint, which add Stockton Station Apartments, for which Freddie Mac was the real party in interest, and Freddie Mac as defendants, do not relate back to the original Complaint. In response, Plaintiff, Julie Arroyo ("Arroyo" or "Plaintiff"), argues that the Second Complaint and the Amended Complaint do relate back to the filing of the original Complaint, because Stockton Station Apartments and Freddie Mac were within the description of fictitious defendants identified in the original Complaint. Arroyo claims that, as a result of the relation back of these amendments, her claims survive the expiration of the limitations period.

Arroyo filed her original Complaint in the Superior Court of New Jersey, Camden County, Law Division on March 17, 1997. On April 11, 1997, she amended this Complaint, adding Stockton Station Apartments as a defendant. Then, Freddie Mac, who was the real party in interest for Stockton Station Apartments, removed the case to federal court on July 17, 1997, pursuant to 12 U.S.C. § 1452(f). This Court has jurisdiction over this case pursuant to § 1452(f), which provides that: "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value." Further, Freddie Mac may remove to federal

court any action in which it is a party in any court not a federal district court, or at any time before trial, "by following any procedure for removal of causes in effect at the time of removal." 12 U.S.C. § 1452(f).

This case presents the novel issue of whether a state court action which is time-barred by the statute of limitations may be resuscitated by removal to this court. For the reasons which follow, I conclude that removal to federal court cannot resurrect a case that is legally dead in state court. Because Arroyo's claim was barred by the statute of limitations prior to removal to this court, I shall grant Freddie Mac's motion for summary judgment.

## I. BACKGROUND

Arroyo has alleged various counts of negligence on the part of a variety of defendants that led her to slip and fall on some egg residue as she walked down the front steps of her apartment building on March 26, 1995. *See* Amended Compl. According to the allegations in her Amended Complaint, Arroyo's fall resulted in "severe and permanent injuries," leaving her "unable to tend to her business," and forcing her to incur "substantial medical bills." *Id.* ¶ 3.

Until March 31, 1995, the building in which Arroyo lived was called Stockton Station Apartments, however, some time before the alleged accident, Arroyo received notification from her rental office that the name of the building was changing to Pleasant Garden Apartments. *See* Affidavit of Julie Arroyo, dated November 21, 1997 ("Arroyo Aff."), ¶ 4; Affidavit of Robyn C. Nettle, dated November 19, 1997 ("Nettle Aff."), ¶ 2. The building is located at 550 North 30th Street, Camden, New Jersey. *See* Arroyo Aff. ¶ 2.

On September 11, 1995, Plaintiff's counsel, Carlos M. Morcate, Esq., sent a letter to Pleasant Garden Apartments at the North 30th Street address, which provided notice of his representation and requested the name of the building's insurance carrier. *See* Affidavit of Carlos M. Morcate, Esq., dated November 21, 1997 ("Morcate Aff."), ¶ 2.

Morcate sent a second letter on October 29, 1996, inquiring about the lack of an answer to his first letter. *See id.* ¶ 3. On November 8, 1996, Morcate received a response, which asked for information about Arroyo. *See id.* ¶ 4. In December, 1995, Morcate forwarded this information and, soon after, he was instructed to forward a letter of representation to CT Management in Maryland. *See id.* ¶¶ 4–5. After no response arrived, Morcate sent additional letters to CT Management on January 8, 1997, and on February 11, 1997. *See id.* ¶ 6. These, too, went unanswered. *See id.*

On March 17, 1997, Arroyo filed her initial Complaint in the Superior Court of New Jersey, Camden County, Law Division. *See* Compl. This Complaint alleged negligence on the part of Pleasant Garden Apartments and numerous fictitious defendants for "creating or allowing to exist an inherently dangerous condition." Compl. First, Second, & Third Count ¶ 2. Additionally, the Complaint alleged that both "ABC Partnership" and "XYZ Corporation, failed to properly supervise, train, manage and/or control its employees John Does 1–100, there by [sic] allowing the aforementioned dangerous condition to exist." *Id.* Third Count & Fourth Count ¶ 4.

The manager of Pleasant Garden Apartments responded by letter on March 18, 1997, informing Plaintiff's counsel that "Pleasant Garden Apartments was not in existence at the time this incident was [alleged] to have occurred." Morcate Aff. ¶ 8 & Ex. F (March 18, 1997 letter). As a result of receiving this information, Plaintiff's counsel amended the original Complaint and named Stockton Station Apartments as a defendant. *See* Morcate Aff. ¶ 9; Affidavit of William P. Cunningham, Esq., dated October 31, 1997 ("Cunningham Aff."), at Ex. B (Second Complaint, filed on April 11, 1997). This Second Complaint was filed on April 11, 1997, and was served on Stockton Station Apartments on May 16, 1997. *See* Morcate Aff. ¶¶ 9–10.

Freddie Mac filed a notice of removal on July 17, 1997, transferring the action to this Court. *See* Cunningham Aff., at Ex. C (Notice of Removal). Magistrate Judge Joel B. Rosen held a scheduling conference on August 27, 1997. *See id.* ¶¶ 4–5 & Ex. C (Notice of Removal); Morcate Aff. ¶ 11. At that conference, Magistrate Judge Rosen di-

rected Plaintiff's counsel to file an Amended Complaint in this court, naming Freddie Mac as a defendant, "as they were the party in interest for 'Stockton Station Apartments' for the time in question." Cunningham Aff. ¶ 5. Morcate filed an Amended Complaint in this Court on September 26, 1997, which, for the first time, named Freddie Mac as a defendant. *See* Morcate Aff. ¶ 12 & Ex. G (Amended Complaint, filed Sept. 26, 1997).

## II. STANDARD FOR SUMMARY JUDGMENT

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reitz v. County of Bucks*, 125 F.3d 139, 143 (3d Cir.1997); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir.1986). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See, e.g., Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir.1987).

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains. Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion ...;

the requirement is that there be no *genuine* issue of *material* fact.").

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)); *see also Lujan v. National Wildlife Fed.*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992) ("[T]o raise a genuine issue of material fact ... the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather must exceed the "'mere scintilla' threshold."), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993). If the non-moving party fails to oppose the motion by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir.1990) (quoting *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir.1989)).

Even where the non-moving party has failed to establish a triable issue of fact, summary judgment will not be granted unless "appropriate." Fed.R.Civ.P. 56(e); *see Anchorage Assocs.*, 922 F.2d at 175. Rule 56(e) of the Federal Rules of Civil Procedure requires that the case be evaluated on its merits, with summary judgment being granted for the movant only if they are entitled to a judgment as a matter of law. *See Anchorage Assocs.*, 922 F.2d at 175.

When the plaintiff has the ultimate burden of proof, as in this case,[1] a defendant moving for summary judgment need only show that "there is an absence of evidence that rationally supports the plaintiff's case." *Clark v. Modern Group Ltd.*, 9 F.3d 321, 326 (3d Cir.1993). Once the defendant has done so, the plaintiff must either contest the facts as

---

**1.** *See Viviano v. CBS, Inc.*, 101 N.J. 538, 553, 503    A.2d 296 (1986).

set forth by the defendant or come forward with additional facts that would allow the plaintiff to meet its burden on the merits. *See id.; see also Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*

## III. DISCUSSION

On April 11, 1997, Arroyo amended her Complaint in state court prior to removal to this Court to name Stockton State Apartments as a defendant, for which Freddie Mac was the real party in interest. Arroyo did not add Freddie Mac as a defendant in this case until September 26, 1997, after removal to this Court. Both of these amendments occurred after March 26, 1997, when the two-year statute of limitations had expired. *See* N.J. Stat. Ann. § 2A:14–2 (West 1987). As a result, the Second Complaint adding Stockton Station Apartments as a defendant and the Amended Complaint adding Freddie Mac as a defendant can only survive the statute of limitations bar if these amendments relate back to the original March 17, 1997 Complaint filed in state court.

### A. Choice of Law

Before addressing the merits of Freddie Mac's motion for summary judgment, I must first determine whether to apply the Federal Rules of Civil Procedure or the New Jersey Court Rules to the "relation back" issue. This Court has jurisdiction pursuant to 12 U.S.C. § 1452(f), which provides federal question jurisdiction over all civil matters to which Freddie Mac is a party. In such circumstances, it would appear that I should apply the Federal Rules of Civil Procedure in the exercise of this Court's federal question jurisdiction. The procedural circumstances of this case, however, caution otherwise. Applying the Federal Rules of Civil Procedure without first considering state law could create the anomalous situation in which removal

to federal court would "breathe new life into" an otherwise "jurisprudentially dead" action. *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 169 (3d Cir.1976); *see also Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 682 (9th Cir.1980) (applying state rules regarding relation back after removal to federal court "because the relevant [events] preceded removal to federal court.").

Freddie Mac removed this case from state court to this Court after the two-year statute of limitations on Plaintiff's negligence claims had expired. As I will discuss at greater length below, New Jersey Court Rule 4:9–3, which governs when an amendment will relate back, has a strict notice requirement. Specifically, Rule 4:9–3 does not allow a plaintiff to add a new defendant to the complaint unless that defendant received either actual or constructive notice of the law suit before the statute of limitations period expired. In other words, after the limitations period has run, a New Jersey state court cannot allow an action to proceed against a particular defendant unless that defendant received notice of the litigation before the limitations period expired.

By contrast, Federal Rule of Civil Procedure 15(c)(3) provides a longer window during which the defendant must receive notice. This Rule states that amendments relate back when:

> the amendment changes the party or the naming of the party against whom a claim is asserted if ... within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c); *see also Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir.1984) (noting "the general presumption in favor of allowing a party to amend plead-

ings"); *Jordan v. Tapper*, 143 F.R.D. 575, 580 (Wolin, J.) ("The Federal Rules of Civil Procedure encourage and indeed provide a liberal policy for amending pleadings."), *appeal denied*, 143 F.R.D. 567 (D.N.J.1992). Under Rule 15(c)(3), the period in which notice must be received is longer than that provided under New Jersey Court Rule 4:9–3, because Federal Rule 15(c)(3) adds on the period from the filing of the original complaint until the point at which the summons and complaint must be served, as established by Rule 4(m). In this case, Rule 4(m) creates a window of 120 days from the filing of the original complaint during which the defendant must receive notice.

With this additional 120 days, both amendments would relate back to the original Complaint. When Freddie Mac removed to this Court on July 17, 1997, it attached the April 11, 1997, version of the Complaint to its Notice of Removal. *See* Cunningham Aff., at Ex. C (Notice of Removal). As of July 17, 1997, Freddie Mac clearly had actual notice of the litigation and had acknowledged its potential liability under the Complaint. July 17 is within the 120 days of the filing of the original Complaint on March 17. Thus, the application of Federal Rule of Civil Procedure 15(c) would lead to a different result than New Jersey Court Rule 4:9–3; specifically, the application of Federal Rule of Civil Procedure 15(c) would allow Arroyo's claims to survive the statute of limitations bar.

■ The application of the Federal Rules of Civil Procedure in this case, however, would resuscitate an otherwise dead claim. As of March 26, 1997, New Jersey Rule 4:9–3 would have precluded the state court from finding that Arroyo's amendments related back to her original Complaint. Therefore, prior to removal to this Court, Arroyo's claims were time-barred against Freddie Mac. The different result which would occur depending upon the application of the Federal Rules of Civil Procedure or the New Jersey Court Rules requires that I must first apply the New Jersey Court Rules to determine if Arroyo had a live claim prior to removal.

**B. Relation Back Under New Jersey Court Rule 4:9–3**

■ New Jersey Court Rule 4:9–3, which governs when an amendment relates back, provides:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

In *Viviano v. CBS, Inc.*, the New Jersey Supreme Court interpreted this rule as requiring the plaintiff to demonstrate that:

> (1) the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence alleged or sought to be alleged in the original complaint; (2) the new defendant had sufficient notice of the institution of the action not to be prejudiced in maintaining his or her defense; and (3) the new defendant knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her.

*Viviano*, 101 N.J. at 553, 503 A.2d 296. Under the *Viviano* test, the plaintiff has the burden to prove that a defendant, who was added to the complaint after the expiration of limitations period, received notice within that period. This notice must be either actual notice of the litigation or constructive notice, through an adequate description of a fictitious or misnamed party in the complaint.

Since Freddie Mac has moved for summary judgment, it has the burden to point to undisputed facts that demonstrate that the plaintiff, Arroyo, cannot meet her burden on the merits. *See Clark*, 9 F.3d at 326. Once Freddie Mac has done so, Arroyo must either contest the facts as set forth by Freddie Mac or offer additional facts that provide a basis upon which Arroyo could meet her burden at trial. *See id.* For the reasons that follow, I

find that Arroyo has not come forward with any facts upon which I could reasonably conclude that Freddie Mac had any notice, whether actual or constructive, within the statutory period. Further, I find that the delay in adding Freddie Mac as a defendant has caused irreparable prejudice. As a result, I will grant Freddie Mac's motion for summary judgment.

Arroyo has not provided any evidence in opposition to Freddie Mac's motion for summary judgment demonstrating that Freddie Mac had a copy of the Complaint or knew of the law suit prior to the expiration of the statute of limitations period. The record reveals that Freddie Mac obtained a copy of the Complaint no earlier than April 11, 1997, because Freddie Mac attached the April 11, 1997, version of the Complaint to its Notice of Removal.[2] *See* Cunningham Aff., at Ex. C (Notice of Removal).

Nor does the Complaint provide enough information to put Freddie Mac on constructive notice. The New Jersey cases that analyze Rule 4:9–3 hold that the description of a fictitious defendant must reach a level of specificity that Arroyo has not met. *See* New Jersey Court Rule 4:26–4 ("[I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and *adding an appropriate description sufficient for identification.*") (emphasis added); *see also Rutkowski v. Liberty Mut. Ins. Co.,* 209 N.J.Super. 140, 143, 506

A.2d 1302 (N.J.Super.Ct.App.Div.1986). In *Farrell,* for example, the plaintiff listed one of the defendants as " 'John Doe and/or John Doe, Inc.' who was alleged to be the assembler, supplier or seller of the machine that caused [the plaintiff's] injuries." *Farrell v. Votator Div. of Chemetron Corp.,* 62 N.J. 111, 113, 299 A.2d 394 (1973). Conversely, the court in *Rutkowski* found that identifying John Doe defendants as those " 'otherwise responsible' for the allegedly defective machine" did not provide sufficient information to put the insurer for the plaintiff's employer on notice, even though that insurer served as a safety consultant to the employer. *Rutkowski,* 209 N.J.Super. at 143–44, 506 A.2d 1302.

Arroyo's original Complaint, the only one filed within the limitations period, filed in state court on March 17, 1997, identifies the fictitious corporate defendant by its "fail[ure] to properly supervise, train, manage and/or control its employees John Does 1–100." Complaint, Fourth Count ¶ 4.[3] Had Arroyo described XYZ Corporation as "the owner, operator, manager, or trustee" of the building, then Freddie Mac could have and should have realized that the Complaint implicated it as owner of the Property at the time of the accident. As written, the description of "XYZ Corporation" could refer to the management company. It could even describe a company whose employee delivered eggs to a tenant in the building. Unfortunately, the Complaint provides such a scant description of "XYZ Corporation" that I cannot find as a

---

**2.** While the burden of proving the essential elements of the *Viviano* test falls on Arroyo, she has made no showing that Freddie Mac had notice. Freddie Mac, however, has supplied an affidavit that could possibly indicate that the corporation knew of the law suit prior to April 11, 1997. *See* Nettle Aff. ¶ 3. In her affidavit, Robyn C. Nettle, a Senior Paralegal in Freddie Mac's legal department responsible for reviewing records related to Stockton Station Apartments, states: "Freddie Mac ... received a copy [of the Summons and Complaint] from an entity known as 'C.T. Associates', a property management company with whom Freddie Mac does business." *See id.* This statement does not provide any evidence that this copy was received within the nine days between the filing of the Complaint on March 17, 1997, and the expiration of the limitations period on

March 26, 1997. Nonetheless, Arroyo must make this allegation to survive Freddie Mac's motion for summary judgment. Arroyo has not even made an unsupported allegation that Freddie Mac had notice of the action before the statute of limitations had run.

**3.** Freddie Mac has provided an affidavit that attaches a copy of this Complaint that lacks the page containing the Fifth Count. *See* Cunningham Aff., at Ex. A. As a result, Freddie Mac argues that the original Complaint offered no description whatsoever of "XYZ Corporation." The Plaintiff, however, has supplied an affidavit with the missing page and asserts that Freddie Mac simply must have a defective copy of the original Complaint. *See* Morcate Aff., at Ex E; Plaintiff's Brief at 8.

matter of law that Freddie Mac should have known that it was potentially liable. Thus, as of March 26, 1997, Freddie Mac had not received either actual or constructive notice of this litigation. Removal to federal court on July 17, 1997, does not change "[t]he brute fact ... that the action was dead, time-barred, when the petition for removal was filed." *Witherow*, 530 F.2d at 169. This uncontested fact alone demonstrates that Arroyo cannot meet her burden of proof and, therefore, Freddie Mac is entitled to summary judgment.

■ Furthermore, the cases which hold that an amendment, which adds a new defendant, relates back, reach that conclusion in circumstances in which prejudice to the new defendant is minimal. In *Ciaudelli v. Atlantic City*, the New Jersey Superior Court permitted the plaintiff to add defendants to the complaint after the expiration of the limitations period. *See Ciaudelli v. Atlantic City*, 268 N.J.Super. 439, 446, 633 A.2d 1035 (N.J.Super.Ct.App.Div.1993), *cert. denied*, 136 N.J. 28, 641 A.2d 1039 (1994). In that case, the plaintiff tripped over a six-inch metal pipe protruding from the ground right outside of Atlantic City Medical Center (the "Medical Center"). *See id.* at 441, 633 A.2d 1035. The plaintiff sued the Medical Center, alleging negligence. *See id.* One year after the complaint had been filed and well after the limitations period expired, the Medical Center sought leave to amend its answer to include charitable immunity as a defense. *See id.* at 441–42, 633 A.2d 1035. In response, the plaintiff attempted to add two individual employees of the Medical Center as defendants. *See id.* at 442, 633 A.2d 1035. The court found that the amendment of the original complaint related back based on equity concerns. *See id.* at 446, 633 A.2d 1035. First, as employees of the original defendant, the two new defendants knew of the existence of the law suit. *See id.* at 443, 633 A.2d 1035. One had even been deposed as a witness. *See id.* at 445, 633 A.2d 1035. Second, since these defendants were employees,

the Medical Center's insurance carrier would pay for their representation. *See id.* at 443, 633 A.2d 1035. Furthermore, the new defendants would be represented by the same attorney who served as counsel for the Medical Center. This attorney had been involved in the case since its inception and had "had ample opportunity to prepare defenses." *See id.* Finally, the Medical Center had precipitated the need for a late amendment to add new defendants by filing a late request to amend its answer to add a new defense. *See id.* at 446, 633 A.2d 1035.

*Viviano* presents another instance where prejudice to the new defendant was lessened, because, in that case, the plaintiff had alleged a design defect as the cause of her injuries. *Viviano*, 101 N.J. at 543–44, 503 A.2d 296. The defendant could investigate any of the machines from the same batch as the one that had caused the plaintiff's injuries. The passage of time, therefore, did not affect the defendant's ability to mount a defense. *See Aruta v. Keller*, 134 N.J.Super. 522, 530, 342 A.2d 231 (N.J.Super.Ct.App.Div.1975) (holding that a theory of design defect minimizes prejudice to the defendant because "the existence of the actual machine may not be essential to prove the claim or defense").

By contrast, in the present case, Freddie Mac will need to investigate the possible presence of egg residue on one day over three years ago, on the front steps of a building it no longer owns. *See id.* at 529–30, 342 A.2d 231 ("The good faith reasonableness of plaintiffs' conduct must be measured against a claim of prejudice to defendants."). The evanescent egg evidence, as well as the years that have passed since Freddie Mac owned the building will hamper Freddie Mac's ability to construct a defense.

Arroyo has simply failed to provide any evidence that suggests that Freddie Mac received a copy of the Complaint, or could have known it was potentially liable as a defendant, within the statute of limitations period. Freddie Mac has met its burden of demonstrating that Arroyo will not be able to prove

at least one of the essential elements of the *Viviano* test. That fact alone is a sufficient basis upon which to grant summary judgment. Nonetheless, an additional consideration supports granting summary judgment. In balancing the equities, the delay in adding Freddie Mac as a defendant has hampered its ability to present a defense. As a result, I will grant Freddie Mac's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Federal Home Loan Mortgage Corporation's motion for summary judgment will be granted.

### ORDER

This matter having come before this Court on the motion of Defendant, Federal Home Loan Mortgage Corporation, for summary judgment pursuant to Fed.R.Civ.P. 56, William P. Cunningham, Esq., of Heim, McEnroe & Urciuoli, appearing on behalf of Defendant, Federal Home Loan Mortgage Corporation, and Carlos M. Morcate, Esq., of Morcate & Faulkner, P.C., appearing on behalf of the Plaintiff, Julie Arroyo; and,

The Court having considered the Complaint, the Second Complaint, the Amended Complaint, and the affidavits submitted by the parties; and

For the reasons set forth in an OPINION filed concurrently with this ORDER,

IT IS HEREBY ORDERED on this 18th day of September, 1998, that the motion of Defendant, Federal Home Loan Mortgage Corporation, for summary judgment is GRANTED.