**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4522-15T4

DIEDRE BRADLEY,

    Plaintiff-Appellant,

v.

DYNAMIC CAPITAL PROPERTY,

    Defendant-Respondent.

_____

        Argued September 19, 2017 — Decided October 20, 2017

        Before Judges Leone and Mawla.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-0246-
        14.

        James Bayard Smith, Jr. argued the cause for
        appellant (John J. Pisano, attorney; Mr.
        Pisano, on the brief).

        John J. Gaffney argued the cause for
        respondent (Hueston McNulty, PC, attorneys;
        Mr. Gaffney, on the brief).

PER CURIAM

    Plaintiff Diedre Bradley appeals from an April 29, 2016 order

granting defendant Dynamic Capital Property summary judgment

dismissing her personal injury complaint, and denying her motion to amend the complaint. We affirm.

The following facts are taken from the record. Plaintiff resides in an apartment building located at 112 Lincoln Street in East Orange. Defendant manages the property. On January 16, 2012, plaintiff was injured when she allegedly tripped and fell as a result of a crack on the marble stairs in the common area of the building.

Plaintiff filed a complaint on January 13, 2014, alleging defendant owned and negligently maintained the property. Discovery occurred, and on May 13, 2015, defendant answered plaintiff's interrogatories. Specifically, defendant identified EO Lincoln Apartments, LLC (EO) as the owner of the property. On January 15, 2016, the trial court granted plaintiff's motion to extend discovery until March 22, 2016.

On March 28, 2016, defendant moved for summary judgment, and plaintiff filed a cross-motion for leave to amend the complaint to name EO as a defendant. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for leave to amend the complaint. Plaintiff sought reconsideration, which was denied. This appeal ensued.

Plaintiff argues the trial court erred by granting defendant summary judgment because she made a prima facie showing of negligence. We disagree.

Our review of the order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). Appellate courts "review the trial court's grant of summary judgment under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court considers all of the evidence submitted in the "light most favorable to the non-moving party," and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. There are cases where the evidence "is so one-sided that one party must prevail as a matter of law." Ibid. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202, 214 (1986)).

The court's role is to determine whether there is a genuine issue for trial. Ibid. A party seeking summary judgment must show that there is no genuine issue as to any material fact challenged and that he or she is entitled to a judgment or order as a matter of law. R. 4:46-2(c).

A-4522-15T4

To sustain a cause of action for negligence, a plaintiff must prove four core elements: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages. Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008). The burden is on the plaintiff to establish these elements "by some competent proof." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citation omitted). A property manager or landlord is liable for injuries to a tenant by reason of defects of which they knew or should have known before the accident. Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 52 (App. Div.), aff'd, 63 N.J. 577 (1973).

Plaintiff argues defendant owes her a duty pursuant to N.J.A.C. 5:10-4.1(a), which governs the maintenance of multiple dwellings. The regulation provides:

> Owners, including agents of owners, managing agents and superintendents shall have the general duties outlined herein for the maintenance of the premises, and no such person shall be relieved from any such responsibility hereunder by reason of the fact that an occupant or other person shall have similar responsibilities or shall have failed to report any violation, nor shall any such person be relieved of any responsibility by the terms or provisions of any lease, contract or agreement.

Plaintiff also asserts that pursuant to N.J.A.C. 5:10-11.2 defendant owed her a duty independent of the owner of the property, which did not require her to name EO as a defendant. N.J.A.C.

5:10-11.2(a), which defines the duties of a manager of a multiple dwelling, states:

> Without relieving the owner of any responsibility placed by these regulations on the owner, any person undertaking for and on behalf of the owner any responsibilities for the operation and maintenance of the premises shall thereby assume concurrently with the owner, responsibilities for the premises and be subject to penalty for failure to comply with any regulation or order relating to any item or matter within the responsibilities so assumed.

The trial judge considered these claims and issued an oral opinion granting defendant summary judgment. The judge stated:

> [S]ummary judgment is granted in favor of the defendant, [] I also note that I concur in the argument of the defendant, that there's . . . nothing within the moving papers, the opposition thereto or . . . the now moot motion to amend the complaint to suggest that the plaintiff is able to meet his (sic) burden of proof.

> One, even if Dynamic Capital property was somehow or another could -- could continue to be maintained as a defendant in this case, there's no indication in . . . anything that has been provided, that Dynamic Capital Property, as opposed to the owner of the property, had a duty.

> There's nothing in anywhere that's been supplied to me, to indicate [that the] plaintiff is capable of presenting a prima facie case establishing the existence of a breach of any duty Dynamic Capital Property held, nor is there anything showing that any breach of that duty . . . proximately caused

any injury to the plaintiff. None of that has been provided.

We agree there is no evidence to demonstrate defendant breached its duty of care to plaintiff. To survive summary judgment, plaintiff had to establish prima facie the requisite components of negligence. Here, plaintiff produced photographs depicting the cracked stairs, which allegedly caused her injury. Defendant did not contest the evidence depicting the condition of the stairs. However, plaintiff provided no evidence explaining how long the stairs had been in such a condition, or evidence defendant had notice of the condition of the stairs and failed to address it, thereby proximately causing her injuries. Therefore, plaintiff presented no prima facie evidence of breach of duty or proximate causation for her injury. For these reasons, we affirm summary judgment in defendant's favor.

Plaintiff next challenges the trial court's denial of her motion to amend the complaint to name the owner of the property as a defendant. Plaintiff argues the fictitious defendant rule allows her to amend the complaint, and the amended complaint should relate back to the filing of the original complaint because neither defendant nor the owner were prejudiced by plaintiff's failure to name the true owner prior to the expiration of the statute of limitations.

"[T]he granting of a motion to file an amended complaint always rests in the court's sound discretion." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (citation omitted). We will only reverse when the action of the trial court constitutes a clear abuse of that discretion. Salitan v. Magnus, 28 N.J. 20, 26 (1958).

Rule 4:26-4 states:

> In any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

Rule 4:9-1 provides that leave of court "shall be freely given in the interest of justice" where a party seeks leave to amend a pleading.

Plaintiff relies on Kernan v. One Washington Park, 154 N.J. 437, 442-45 (1998), to support her argument that her request for the late amendment of her complaint should have been granted. In Kernan, the plaintiff slipped and fell on a curb abutting a commercial building. Ibid. The building's owner had been in bankruptcy and before plaintiff's fall the trustee had retained a management company to operate the building. Ibid. Plaintiff

named the management company in her complaint, but was unable to identify the owner until a few days before trial because the attorney for the defendant was "less than forthcoming" in revealing the true owner. Ibid.

The Supreme Court permitted the late amendment of plaintiff's complaint in Kernan because defendant was intentionally stalling. Id. at 456. The Kernan Court said:

> It appears that [the true owner]'s lawyer was paid by the same insurance company that also insured the Trustee and [the property manager]. Hence, the insurance carrier is the real party in interest in this case. That fact suggests that defendants' strategy may have been to allow the statute of limitations [to] run against the Trustee and [the property manager] while the plaintiff attempted unsuccessfully to recover from [the true owner].
>
> [Ibid.]

The facts of Kernan are not analogous to this matter. Here, plaintiff possessed the name of the owner early on and defendant was forthcoming with the information. Indeed, plaintiff knew as early as May 13, 2015, that EO was the owner of the property. This was more than a year after plaintiff filed her complaint. This was also months before the statute of limitations expired on plaintiff's claim on January 16, 2016, yet plaintiff did not move to amend the complaint to identify the true owner until March 30, 2016, and then only after defendant had moved for summary judgment.

See N.J.S.A. 2A:14-2. Furthermore, the parties had completed discovery, and the court had scheduled the matter for arbitration.

Based on these facts, the trial court noted plaintiff had provided "[n]ot a scintilla of explanation . . . why . . . no attempt was made to properly . . . amend the complaint to name the owner." The trial court did not abuse its discretion in denying the late amendment.

Lastly, plaintiff argues that, "although the identity of the owner could have been ascertained prior to this time, there is no proof establishing that the lapse of time has resulted in a loss of evidence or impaired its ability to defend, nor is there any suggestion that the plaintiff has been advantaged." We disagree.

We have stated "[t]here cannot be any doubt that a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run." Mears v. Sandoz Pharm., Inc., 300 N.J. Super. 622, 631 (App. Div. 1997). In Younger v. Kracke, 236 N.J. Super. 595, 602-03 (Law Div. 1989), the Law Division stated:

> The statute of limitations is meant to "protect considerations of essential fairness to defendant." Because of [plaintiffs'] failure to diligently pursue their cause of action . . . [i]f the court were to allow the plaintiffs to amend their original complaint . . . it would not only fail to "penalize delay" on the plaintiffs' part, but would also disregard "considerations of essential

fairness to defendants", thereby violating the purpose behind the statute of limitations.

Given plaintiff's delay and the resulting prejudice, it was not an abuse of discretion to deny the motion to amend.

That conclusion is not altered merely because plaintiff named "ABC Corporation" as a fictitious defendant. Plaintiff's complaint made no allegations of liability concerning ABC Corporation. Moreover, her motion to amend sought to substitute EO for Dynamic, not for ABC Corporation. In any event, a plaintiff who includes a fictitious defendant "is required to proceed diligently to amend the complaint without prejudice to the defendant to be joined[,]" and only then can amendment of the complaint relate back and allow an action otherwise time barred. Stegmeier v. St. Elizabeth Hosp., 239 N.J. Super. 475, 484 (App. Div. 1990).

The record before us demonstrates that when plaintiff learned the identity of the owner of the building, she failed to seek leave to amend her complaint before the statute of limitations expired. Given that the complaint in this matter was over two years old at the time plaintiff sought to add EO, and the plaintiff's accident was over four years old, the prejudice to EO was apparent. Thus, the denial of plaintiff's motion to amend was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION