**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2791-17T4

KEVIN ROBINSON,

     Plaintiff-Appellant,

v.

78 MALLORY STREET, LLC,
BAYSIDE TAVERN, MAHES &
ASSOCIATES NJ LLC,
CITY OF JERSEY CITY,
COUNTY OF HUDSON, and
STATE OF NEW JERSEY,

     Defendants-Respondents.

_____

> Argued January 8, 2019 – Decided January 28, 2019
>
> Before Judges Yannotti and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1244-16.
>
> Alan K. Albert argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Alan K. Albert, on the brief).
>
> Respondents have not filed a brief.

PER CURIAM

Plaintiff Kevin Robinson appeals from three Law Division orders dated September 18, 2017, December 8, 2017, and January 19, 2018. The September 18, 2017 order denied plaintiff's motion to extend discovery and to amend his complaint to substitute 80 Mallory Corp., for a fictitiously named defendant. The December 8, 2017 order dismissed the complaint and the January 19, 2018 order denied reconsideration of the September 18, 2017 and December 8, 2017 orders. We affirm.

I.

Plaintiff maintains that on April 8, 2014, he sustained permanent injuries when he tripped and fell on a defective sidewalk on Mallory Avenue in Jersey City. By May 2014, he retained counsel who, after inspecting the location and consulting with plaintiff, determined plaintiff's fall occurred on a sidewalk abutting the Bayside Tavern (Bayside) located at 78-80 Mallory Avenue.

In a May 2, 2014 letter addressed to the Office of the Jersey City Tax Assessor, plaintiff's counsel requested written ownership information with respect to the property located at "78-80 Mallory Avenue." In his May 5, 2014 notice of claim to the City of Jersey City (Jersey City), the County of Hudson (Hudson County), and the State of New Jersey (the State), submitted pursuant

to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, he similarly claimed that he was injured at "78-80 Mallory Avenue . . . ."

Plaintiff's counsel received a reply from the tax assessor's office on May 6, 2014, "enclos[ing] . . . the property ownership [records for] 78 Mallory Avenue" and requesting a $10 payment, which counsel represents he "promptly forwarded." The May 6, 2014 letter does not mention 80 Mallory Avenue, and plaintiff's counsel did not send any follow-up communication to the tax assessor with respect to that address.

On May 30, 2014, in response to plaintiff's notice of claim, the Jersey City Department of Law sent plaintiff's counsel a letter enclosing certifications and ownership information for both 78 and 80 Mallory Avenue. The enclosed documents revealed that at the time of plaintiff's fall, 78 Mallory Street, LLC, owned the property at 78 Mallory Avenue and that 80 Mallory Corp. owned the property at 80 Mallory Avenue.

The May 30, 2014 correspondence also "enclosed a supplemental claim form" pursuant to the TCA. Although the record contains a completed supplemental claim form signed by plaintiff and bearing an electronic facsimile sender's stamp from plaintiff's counsel's office dated June 24, 2014, counsel

maintained before us and in the trial court that he did not receive either the May 30, 2014 letter, or any of its enclosures at that time.

Nearly two years later, on March 21, 2016, plaintiff filed a complaint naming 78 Mallory Street, LLC (78 Mallory); Bayside; Mahes & Associate NJ LLC (Mahes); Jersey City; Hudson County; the State; John Does 1-10; and ABC Co. 1-10 (fictitiously named owner of the property located at 78-80 Mallory Ave. and Yale Ave). Plaintiff alleged that defendants "owne[d] or were in control and operation of the premises" located at "78 Mallory Avenue, Jersey City, New Jersey and/or 78-80 Mallory Ave. and Yale Ave. on the Yale Ave. side" on or about April 8, 2014, and he was injured because of defendants' negligent "maintenance, repair, supervision or upkeep" of the property.

In its October 7, 2016 answer to plaintiff's interrogatories, Jersey City stated that "the alleged accident occurred on the Yale Avenue side of the property known as 80 Mallory Avenue." In addition, Jersey City identified "Andrew Lim, Senior Engineer" and "John McGrath, Director, Division of Building & Street Maintenance" as "persons who have knowledge of any relevant facts relating to the case," and provided an address at which to contact them. Plaintiff maintains that "at the deposition of Jersey City's engineer, Andrew Lim did not disclose the property owners of 78 Mallory [Avenue] or 80

4

Mallory [Avenue]." As the record does not contain Lim's deposition transcript, we cannot determine if counsel specifically asked who owned the 80 Mallory Avenue property when plaintiff was injured. It is also unclear whether plaintiff deposed John McGrath. On November 10, 2016, plaintiff voluntarily dismissed Mahes without prejudice.

Discovery was extended twice through August 15, 2017, first by consent of the parties and again by court order. On that date, plaintiff's counsel received a letter from Jersey City amending its answers to interrogatories and enclosing, among other documents, the certifications and ownership records it allegedly sent to plaintiff's counsel on May 30, 2014. Plaintiff's counsel maintains that his receipt of the August 15, 2017 correspondence was the first time he received the May 30, 2014 letter and its enclosures.

On August 18, 2017, plaintiff voluntarily dismissed 78 Mallory with prejudice. On August 30, 2017, plaintiff filed a motion for leave to amend his complaint to name 80 Mallory Corp. as a defendant and to reopen and extend discovery for an additional 120 days. In a September 18, 2017 order, the court denied the motion for the following reasons:

> Motion is DENIED under [Rule] 4:26–4. The exhibits to the Certification show that the City of Jersey City advised [plaintiff's counsel] as early as May[] 2014 (pre-suit) that the address of the corner property was

A-2791-17T4

'80' not '78[.'] Exercise of due diligence at that time would have revealed the same [a]ssessors record and the correct address of the premises abutting the sidewalk in question.

On October 18, 2017, Jersey City filed a notice of motion for summary judgment, which was unopposed. In an accompanying certification, Jersey City's tax assessor stated that "[a]ccording to the official tax records of Jersey City, the [current] owner of 80 Mallory Avenue is Mahes & Associates NJ LLC."

By order dated December 1, 2017, the court granted Jersey City's motion for summary judgment. On December 8, 2017, at plaintiff's counsel's request, the court entered an order dismissing the case "since there are no remaining and viable defendants in this matter following the grant of summary judgment dismissing Jersey City from the litigation."

On December 28, 2017, plaintiff filed a motion for reconsideration of the September 18, 2017 and December 8, 2017 orders and sought to reopen and extend discovery for an additional 120 days. In support of the motion, plaintiff's counsel certified that "a thorough search of the paper and electronic file for this matter" revealed that "this office . . . never received" the "letter and attachments from the Jersey City Tax Assessor's office dated May 30, 2014."

In a January 19, 2018 order, the court denied plaintiff's motion for reconsideration and to reopen and extend discovery for the following reasons:

A-2791-17T4

Motion is DENIED for both procedural and substantive reasons. Procedurally, the motion is untimely as it should be filed within [twenty] days of counsel's receipt of the prior [o]rder. The [o]rder in dispute was filed in September[] 2017, some four months ago. Substantively, there is no information in this motion that was not previously given due consideration by the [c]ourt and no showing that this [c]ourt disregarded or misapplied any decisional law.[1]

This appeal followed.

## II.

On appeal, plaintiff argues that the trial court abused its discretion in denying his motion to amend and to extend discovery because he "showed due diligence in ascertaining the owner [of the sidewalk] and filed a motion for leave to amend as soon as possible." He similarly claims the court abused its discretion in dismissing the complaint and denying his motion for reconsideration. We disagree.

Appellate review of the trial court's ruling on a motion to amend the pleadings is governed by an abuse of discretion standard. Fisher v. Yates, 270

[1] The court's conclusion that plaintiff's motion for reconsideration of the September 18, 2017 order was untimely is incorrect. Because the September 18, 2017 order did not dispose of all claims as against all parties, it was interlocutory and subject to reconsideration at any time before entry of final judgment. Bender v. Walgreen Eastern Co., Inc., 399 N.J. Super. 584, 593 (App. Div. 2008). However, as we indicate in our opinion, we find no error in the court's denial of reconsideration on substantive grounds.

A-2791-17T4

N.J. Super. 458, 467 (App. Div. 1994). The same standard governs our review of decisions on motions for reconsideration. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "In reviewing the court's exercise of discretion, we first determine whether the court correctly applied the law." In re LoBasso, 423 N.J. Super. 475, 496 (App. Div. 2012).

When a motion to amend is "made after the statute of limitations [has] run as to the proposed defendants," plaintiff's claim will be "time barred unless saved by the provisions of [Rule] 4:26–4 and case law interpreting it." Marion v. Borough of Manasquan, 231 N.J. Super. 320, 333 (App. Div. 1989). Rule 4:26-4 permits "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant." Baez v. Paulo, 453 N.J. Super. 422, 437 (App. Div. 2018) (quoting Viviano v. CBS, Inc., 101 N.J. 538, 548 (1986)).

Rule 4:26-4 provides that when "the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." Thereafter, "[p]laintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be

accompanied by an affidavit stating the manner in which that information was obtained." Ibid.

A party may invoke Rule 4:26-4 only if the party satisfies two phases of due diligence: "First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming [fictitious] parties. Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity." Baez, 453 N.J. Super. at 439 (citation and footnote omitted).

As a general rule, due diligence imposes "an obligation to investigate all potentially responsible parties in a timely manner . . . ." Matynska v. Fried, 175 N.J. 51, 53 (2002). Whether a plaintiff has acted with due diligence depends on whether the plaintiff "kn[e]w or [had] reason to know the identity" of the proposed defendant "before filing his [or her] complaint." Cardona v. Data Sys. Comput. Ctr., 261 N.J. Super. 232, 234–35 (App. Div. 1992).

Although we have recognized that "a crucial factor" in deciding whether plaintiff acted with due diligence "is whether the [proposed] defendant has been prejudiced by the delay in its identification as a potentially liable party and service of the amended complaint," Claypotch v. Heller, Inc., 360 N.J. Super. 472, 480

(App. Div. 2003), we have also held that the prejudice prong is "not a requirement in fictitious party practice," <u>Mears v. Sandoz Pharm., Inc.</u>, 300 N.J. Super. 622, 631 (App. Div. 1997). <u>See</u> <u>also</u> <u>Baez</u>, 453 N.J. Super. at 444 n.10 (construing "the Court's omission of a discussion of prejudice in its more recent opinion in <u>Matynska</u>" as indicating that "sometimes a plaintiff's lack of due diligence in omitting a defendant is sufficiently clear so as to render an analysis of actual prejudice unnecessary").

Applying these principles to the facts before us, we perceive no abuse of discretion in the trial court's decision to deny plaintiff the benefit of <u>Rule</u> 4:26-4. The record amply supports a finding that before filing his complaint, plaintiff had sufficient information available to him to ascertain, through the exercise of due diligence, that 80 Mallory Corp., not Mahes, owned 80 Mallory Avenue in April 2014.

According to his notice of claim, plaintiff was injured at "78-80 Mallory Ave" on April 8, 2014, and he retained a law firm shortly thereafter to investigate and prosecute potential claims on his behalf. Over the course of the next two years, plaintiff's efforts in attempting to ascertain who owned the sidewalk abutting 80 Mallory Avenue consisted almost exclusively of sending a letter to the tax assessor's office on May 2, 2014, which requested ownership information as to "78-80 Mallory

Avenue" in Jersey City. Plaintiff admits receiving the tax assessor's May 6, 2014 reply enclosing property records for "78 Mallory Avenue, Jersey City, New Jersey," but because plaintiff requested ownership records for "78-80 Mallory Avenue," the reply enclosing only 78 Mallory Ave constituted "incorrect or incomplete ownership information," as plaintiff concedes in his merits brief. Plaintiff, however, failed to make further inquiries regarding that omission at any time prior to filing the complaint nearly two years later.

Further, counsel named the current owner of 80 Mallory Avenue, Mahes, as a defendant in the complaint, which established his knowledge that plaintiff's fall could have occurred at 80 Mallory Avenue. And, just as counsel learned of Mahes' ownership interest, which was contained in the available tax records, an exercise of reasonable diligence would have revealed that 80 Mallory Corp., not Mahes, owned the property at 80 Mallory Avenue in April 2014. Plaintiff's failure to consult known, available information that may identify a potentially liable party prior to filing a complaint constitutes a lack of due diligence. Cardona, 261 N.J. Super. at 235 (plaintiff's failure to request a copy of a police report, "which revealed the names and addresses of the parties involved. . . . constituted a lack of due diligence and foreclosed plaintiff from invoking the fictitious name practice"); see also Mears, 300 N.J. Super. at 629 ("[E]ven if a plaintiff does not

know the identity of a defendant, he or she will still be precluded from using [Rule] 4:26-4, if, through the use of diligence, he or she should have known the defendant's identity prior to running of the statute of limitations."). Plaintiff also fails to explain why, after dismissing Mahes in November 2016, he failed to amend the complaint to add 80 Mallory Corp.

Turning to the subject of prejudice, we disagree with plaintiff's claim that to permit him to amend his complaint "will not prejudice the true owner." We conclude that 80 Mallory Corp. "had a justifiable expectation to not be sued after the two-year limitations period expired." Baez, 453 N.J. Super. at 444; see Mears, 300 N.J. Super. at 631; see also Marion, 231 N.J. Super. at 335–36 (holding that late-joined parties who did not do "anything to conceal their identities . . . [were] entitled to protection by the statute of repose").

Further, the prejudice to 80 Mallory Corp. goes beyond the obligation that it defend a claim after the statutory period. While plaintiff may have conducted a timely investigation of the condition of the sidewalk, his delay in naming 80 Mallory Corp. has deprived it of the same right. Years have gone by and there are no competent proofs before us that the condition of the sidewalk was the same at the

A-2791-17T4

time of plaintiff's complaint and the motion to amend.[2]  We consider it fundamentally unfair, under circumstances where plaintiff's lack of diligence is sufficiently clear, to limit a party's defense of a claim to the proofs collected by its adversary.

We also find no error in the court's December 8, 2017 order.  Plaintiff has not identified any reversible error in the court's dismissal of Jersey City, or any other defendant, and any claim that plaintiff had against 80 Mallory Corp. was time barred for the reasons we have expressed.  See N.J.S.A. 2A:14–2(a).  Finally, because the court properly denied plaintiff's motion to amend, and did not overlook any "matters or controlling decisions," see Rule 4:49-2, the court did not abuse its discretion in denying reconsideration.

To the extent not addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  We note that there is no evidence in the record that 80 Mallory Corp. has ever been made aware of plaintiff's claims.