**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1656-18T1

DORIS CANALES,

      Plaintiff-Respondent,

v.

YUE YU,

      Defendant/Third-Party
      Plaintiff-Appellant,

v.

CHARLES HAYWOOD and
YVONETTE SWINGER,

      Third-Party Defendants-
      Respondents.

_____

        Submitted January 21, 2020 – Decided March 4, 2020

        Before Judges Fasciale and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2779-16.

        Yue Yu, appellant pro se.

Northeast New Jersey Legal Services, attorneys for respondent Doris Canales (Lawrence E. Sindoni and Christine M. Ricardo, of counsel and on the brief).

PER CURIAM

Defendant Yue Yu appeals pro se from several orders related to plaintiff Doris Canales' action for the return of her security deposit and defendant's counterclaim for damage to the residential property she leased to plaintiff and third-party defendants Yvonette Swinger and Charles Haywood. Plaintiff and third-party defendants (collectively, tenants) rented the first floor of a residential property owned by defendant. The parties' relationship quickly became acrimonious, as tenants complained that defendant failed to make requested repairs, while defendant complained that tenants damaged the property and failed to make timely rent payments. Eventually, the parties agreed that tenants would vacate the property, and upon their doing so, defendant notified them that she was not returning their security deposit because they had damaged the property.

Plaintiff filed a pro se small claims complaint seeking the return of the security deposit. Defendant filed a counterclaim, seeking damages of $20,000. The jury ultimately awarded defendant $2,328.38 for property damage, late fees, lease violations, and loss of personal property. Defendant appeals, claiming that the judge made several errors, which denied defendant a fair trial

and contributed to an award that was only a small fraction of the damages she sought. Having reviewed the record, and in light of the applicable law, we affirm.

I.

We discern the following facts from the record. In August 2014, tenants signed a lease for the first-floor apartment of a residential property. The parties used a standard residential lease, which included the following provision for damages:

> 13. DAMAGES: The [t]enant is liable for all [l]andlord's damages caused by [t]enant's breach of this [l]ease. Such damages may include loss of rent, the cost of preparing the [p]roperty for re-renting, brokerage commission in finding a new tenant as a result of [t]enant's eviction or [t]enant mov[ing] out prior to the end of the [t]erm[,] as well as reasonable attorney's fees and court costs.

The lease included an addendum, addressing a tenant's recovery of attorney's fees:

> IF THE TENANT IS SUCCESSFUL IN ANY ACTION OR SUMMARY PROCEEDING ARISING OUT OF THIS LEASE, THE TENANT SHALL RECOVER ATTORNEY'S FEES OR EXPENSES OR BOTH FROM THE LANDLORD TO THE SAME EXTENT THE LANDLORD IS ENTITLED TO RECOVER ATTORNEY'S FEES OR EXPENSES, OR BOTH AS PROVIDED IN THIS LEASE.

A few months later, the parties executed another addendum, which allowed tenants to have two dogs on the premises in exchange for payment of additional rent and a security deposit.

Thereafter, the parties' relationship became acrimonious. Defendant complained of problems with tenants' dogs, after the dogs defecated on the carpet. Tenants complained of several problems with the apartment's condition, including a ceiling leak, a problem with the stove, clogged pipes, and a roach infestation. They claimed that defendant ignored their repair requests, so they began withholding rent. Consequently, defendant sought relief in court, and the matter was resolved after tenants agreed to pay the rent.

Despite the parties' poor relationship, defendant offered tenants a new lease. In October 2015, the parties returned to court, after defendant filed a complaint alleging that tenants again failed to pay rent. The parties executed a consent order requiring tenants to vacate the property by November 30, 2015 and pay rent through that date. After tenants moved out, defendant sent them a letter on December 31, 2015, informing them that she was not returning their security deposit. Defendant explained that tenants owed her $6385.31 for property damage, late rent, lease violations, and lost rent for December 2015 and January 2016. On January 29, 2016, defendant sent tenants another letter,

claiming the amount due was now $7110.31, since new tenants would not be moving in until February 15, 2016.

On February 12, 2016, plaintiff filed a pro se small claims complaint seeking the return of the security deposit. Defendant filed a counterclaim seeking damages of $20,000, alleging that tenants caused extensive property damage, loss of rent, and loss of income from defendant's consulting business. The case was then transferred to the Law Division. Defendant amended her counterclaim and filed a third-party complaint, raising substantially the same claims against third-party defendants. Plaintiff hired an attorney, Edania C. Rondon, to represent her in this litigation.

On August 31, 2016, after a hearing in the trial court, the judge awarded plaintiff double the amount of the security deposit, under N.J.S.A. 46:8-21.1, after finding that defendant failed to show that she properly withheld tenants' security deposit. About a week later, defendant filed a motion to stay the order pending appeal. She then filed a motion for a new trial and a motion for reconsideration, but the judge denied both motions. On November 4, 2016, the judge issued another order, requiring defendant to pay plaintiff attorney's fees, as plaintiff had prevailed at the August 31 hearing. On the same day, the judge also granted defendant's motion to stay the August 31 and November 4 orders, pending appeal.

On January 8, 2018, this court reversed the denial of defendant's motion for reconsideration, vacated the August 31 and November 4 orders, and remanded the matter for a case management conference to address discovery matters and to schedule a new trial before a different judge. Canales v. Yu, No. A-1345-16 (App. Div. Jan. 8, 2018) (slip op. at 13-14). We reasoned that during the August 31 hearing, the judge did not permit the parties to "introduce testimony and documentary proof concerning their damages, subject to meaningful cross-examination in 'a manner that complies with [the] required formality' for trials." Ibid. (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J. Super. 245, 264 (App. Div. 2002)).

On March 22, 2018, defendant filed a motion for leave to amend the counterclaim and third-party complaint. She sought to name plaintiff's attorney, Rondon, as a third-party defendant and intended to seek relief for "financial loss, cost and expenses and emotional distress and injuries." Specifically, defendant alleged that Rondon filed plaintiff's complaint, knowing there was no evidence to support the claims, and she made several false statements to the court. Judge Christine A. Farrington, the newly assigned judge, denied the motion.

Defendant filed a motion for reconsideration. Judge Farrington denied the motion, as defendant failed to show that the judge's denial of the motion

for leave to amend the pleadings "was palpably incorrect on the facts or law or that the court did not appropriately consider or appreciate evidence."

Between the filing of the motion for reconsideration and the judge's decision, Rondon withdrew as counsel for plaintiff. Nonetheless, defendant further attempted to involve Rondon in this matter. On August 19, 2018, defendant personally served a subpoena ad testificandum on Rondon at her residence. On September 5, 2018, Judge Farrington issued an order quashing the subpoena for improper service. Relying on Rule 4:4-4 and Rule 4:4-3, the judge explained that because defendant had a direct interest in the litigation, she was required to serve a non-party through an individual with no direct interest in the litigation.

On September 11, 2018, Judge Farrington held a final pre-trial hearing. Defendant raised several issues, including the denial of her motion to amend the pleadings. The judge explained that "the proposed amendment lacked merit because it sought the addition of the prior attorney of a party."

Judge Farrington then held a four-day jury trial during September 2018. The jury heard testimony from third-party defendant Swinger, defendant, and a real estate broker. Near the end of defendant's testimony, the judge asked her to identify any additional expenses for which she sought reimbursement. Defendant identified filing fees paid to respond to plaintiff's lawsuit, certified

mailing fees, and other postage items.  Plaintiff stipulated to the amounts for these items, so the judge informed defendant that there was no need to testify as to the amounts.  Defendant also identified costs for copying, printing, and binding.  The judge explained that "[t]he [c]ourt will consider this by way of [taxed court] costs . . . in accordance with the rule but it's not admissible for purposes of jury consideration."

At the end of the trial, the jury returned a verdict in favor of defendant, finding the following:  Defendant did not wrongfully withhold tenants' security deposit; tenants damaged defendants' property beyond normal wear and tear; the cost of repairs incurred by defendant was $1803.38; defendant had no notice of conditions affecting habitability of the property; tenants owed defendant late fees for three months of late rent; tenants owed defendant fees for dog lease violations; and tenants removed a $75 space heater that belonged to defendant.

On October 1, 2018, Judge Farrington issued an order requiring tenants to pay defendant $2328.38 for property damage, late fees, lease violations, and loss of personal property.  On the same day, defendant wrote a letter to the judge, objecting to the exclusion of $2637.85 in filing fees for the August 31, 2016 court proceeding; mailing expenses; and copying, printing, and binding expenses related to the earlier appeal.  On October 17, 2018, the judge wrote a

letter to the parties, explaining that she would not consider the issue of costs: "The issue regarding the lease [a]ddendum, and the fees it allegedly entitles defendant to, was not submitted to the jury. Pursuant to Rule 4:42-8, the [c]ourt will not consider [the issue of costs] by the way of objection to the form of [o]rder, which has been entered." This appeal ensued.

On appeal, defendant raises five points:

I. [THE] TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION [FOR] RECONSIDERATION [OF THE] MOTION [FOR] LEAVE TO FILE A SECOND AMENDED COUNTERCLAIM AND THIRD[-] PARTY COMPLAINT[.]

II. [THE] TRIAL COURT ERRED IN QUASH[ING] DEFENDANT'S SUBPOENA TO . . . RONDON TO APPEAR AS A WITNESS FOR OR DURING THE SEPTEMBER 11[,] 2018 [TRIAL.]

III. THE TRIAL COURT ERRED IN DENYING [DEFENDANT] THE RECOVERY OF EXPENSES AND COSTS BECAUSE THE SIGNED LEASE GIVES THE WINNING PARTY [THE] RIGHT TO RECOUP THE COST[S] AND EXPENSES[.]

IV. THE TRIAL COURT PURPOSEFULLY DENIED DEFENDANT'S RECOVERY OF EXPENSES AND COST[S] WHEN THE JUDGE STATED SHE WOULD DECIDE[], THEN SHE DENIED THE RECOVERY STATING THEY WERE NOT PRESENTED TO [THE] JURY[.]

V. [DEFENDANT] DID NOT HAVE A FAIR TRIAL EVEN [THOUGH] THE JURY'S VERDICT WAS IN FAVOR OF [DEFENDANT] BECAUSE THE TRIAL JUDGE ERRED IN ACTING AS AN AGENT FOR PLAINTIFF AND THIRD[-]PARTY DEFENDANT[S] RATHER THAN AN IMPARTIAL JUDGE AND BARRED DEFENDANT FROM [PRESENTING] REBUTTAL EVIDENCE IN LIGHT OF ADMITTING INADMISSIBLE EVIDENCE BY PLAINTIFF AND THIR[D-]PARTY DEFENDANT[S.]

## II.

We first address the denial of defendant's motion for reconsideration of her motion to amend the pleadings. We review the denial of a motion for reconsideration for an abuse of discretion. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002).

A motion for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2. The judge should only grant this motion if "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J.

10

Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

Defendant claims that the judge did not adequately state a reason for denying her motion, as the order stated that the "[m]ovant fails to show that the court's prior decision was palpably incorrect on the facts or law or that the court did not appropriately consider or appreciate evidence." However, the memorandum in support of defendant's motion for reconsideration merely provided a lengthy recitation of the facts and a conclusory statement that the underlying motion should have been granted "in the interest of justice." Defendant failed to explain how the judge failed to consider relevant evidence or why denial of the underlying motion was palpably incorrect.

Although a more detailed explanation is desirable, Rule 1:6-2(f) requires that a judge only "append to the order a statement of reasons" where "explanation is either necessary or appropriate," and whether to provide such an explanation is a decision left to the judge's discretion. See Pressler & Verniero, Current N.J. Court Rules, cmt. 7 on R. 1:6-2 (2020); DiMura v. Knapik, 277 N.J. Super. 156, 159, 159-62 (App. Div. 1994) (affirming the denial of a motion to amend the pleadings, where a judge gave no reasons for the denial, because the plaintiff had known the "fictitious" defendants'

identities for years or, alternatively, the plaintiff failed to properly identify fictitious defendants).

To be sure that denial was appropriate, we consider the merits of the underlying motion. Rule 4:9-1 governs amendments to the pleadings:

> A party may amend any pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within [ninety] days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice.

Motions for leave to amend should be granted liberally, but the decision "always rests in the [judge's] sound discretion." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998)). The judge must consider "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Ibid. Although motion for leave to amend should be decided "without consideration of the ultimate merits of the amendment," the judge must consider "the factual situation existing at the time [the] motion is made." Ibid. (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256 (App. Div. 1997)). Thus, the judge is "free to refuse

A-1656-18T1

leave to amend when the newly asserted claim is not sustainable as a matter of law." Ibid. (quoting Interchange State Bank, 303 N.J. Super. at 256-57).

A claim raised against another party's attorney may be unsustainable as a matter of law. Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 579 (2006). The litigation privilege protects attorneys from civil liability for "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Id. at 585 (quoting Hawkins v. Harris, 141 N.J. 207, 216 (1995)).

During the final pre-trial hearing, in explaining why the motion for leave to amend was denied, the judge referred to the litigation privilege, as she explained "the proposed amendment lacked merit because it sought the addition of the prior attorney of a party." The judge correctly reached this conclusion, as defendant's allegations with respect to Rondon only pertained to the filing of plaintiff's complaint and statements that Rondon made in her briefs and during court proceedings. Because these communications were made by plaintiff's attorney in her effort to represent plaintiff in the current action, the litigation privilege would have barred defendant's claims. See Loigman, 185 N.J. at 585. Accordingly, the judge did not abuse her discretion

in denying defendant's motion for reconsideration of the motion to amend the complaint to name Rondon as a third-party defendant.

### III.

We next address defendant's contention that the judge incorrectly relied on Rule 4:4-4 and Rule 4:4-3 when she quashed the subpoena that defendant served on Rondon. We review a trial judge's decision to quash a subpoena for an abuse of discretion. In re Subpoena Duces Tecum, 214 N.J. 147, 162 (2013).

Rule 1:9 generally governs subpoenas. Rule 1:9-3 provides that "[a] subpoena may be served by any person [eighteen] or more years of age . . . . by delivering a copy thereof to the person named." However, Rule 1:9-1 "requires service of a subpoena upon a non-party by personal service pursuant to R[ule] 4:4-4." Pressler & Verniero, cmt. 1 on R. 1:9-1; cf. NJ Cure v. Estate of Hamilton, 407 N.J. Super. 247, 250-51 (App. Div. 2009) (holding that mailed service of a subpoena on a non-party rendered service ineffective for failure to comply with Rule 4:4-4(a)). Rule 4:4-4(a) requires personal service, and it incorporates Rule 4:4-3(a), which requires service "by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation."

Defendant's contention that Rule 4:4-4 and Rule 4:4-3 do not apply because they do not explicitly refer to subpoenas is without merit. Defendant served Rondon by personally delivering the subpoena to Rondon's residence, thereby failing to comply with Rule 4:4-3. Accordingly, the judge did not abuse her discretion in quashing the subpoena for improper service.

IV.

We next address defendant's contention that the judge denied her request for an award of costs and expenses. We review a decision as to an award of costs for an abuse of discretion. Children's Inst. v. Verona Twp. Bd. of Adjustment, 290 N.J. Super. 350, 358 (App. Div. 1996).

"Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party." R. 4:42-8(a). "A party entitled to taxed costs shall file with the clerk of the court an affidavit stating that the disbursements taxable by law and therein set forth have been necessarily incurred and are reasonable in amount[.]" R. 4:42-8(c).

Defendant failed to comply with the proper procedure to recover costs, as she never filed an affidavit with the court clerk. See R. 4:42-8(c). The judge's response to defendant's request informed her of this when the judge cited to Rule 4:42-8 as the reason that she could not consider defendant's request. We add that defendant's contention that the judge erred by not

allowing her to testify to the costs at trial is without merit. Costs are only awarded to a prevailing party, so it would have been improper to allow testimony as to costs before the jury verdict, as defendant was not yet a prevailing party. See R. 4:42-8(a). Accordingly, the judge did not err in declining to address the merits of defendant's request for costs.

V.

Finally, we address defendant's contention that the judge denied defendant a fair trial by showing bias toward tenants. Defendant raises several issues pertaining to both evidentiary rulings and the jury charge.

A.

Defendant claims that the judge showed bias when she allowed tenants to admit several exhibits into evidence at trial and precluded defendant from introducing photos of the subject property. We review evidentiary rulings for an abuse of discretion. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010).

Defendant lists several exhibits that she contends should not have been admitted into evidence: lease documents, emails about the apartment's condition, tenants' letter notifying defendant of withheld rent, a health department letter sent to defendant, consent to enter judgment against third-party defendant Haywood, defendant's letter of recommendation for third-party

16

defendant Haywood, defendant's letters notifying tenants of the withheld security deposit, an eviction complaint, and defendant's letter regarding dog lease violations.  Defendant acquiesced to the admission of all but one document at trial.  Further, defendant has provided no explanation as to why admission of any of these documents was erroneous, and we perceive no reason for the exclusion of any, as their admission was not "clearly capable of producing an unjust result."  R. 2:10-2.

Additionally, defendant contends that the judge erred in refusing to allow her to introduce hundreds of photos of the property at different periods of time.  Again, defendant has failed to provide any explanation as to why this was error.  We perceive no abuse of discretion, as the judge had already permitted the jury to see several photos of the property's condition on various dates.

B.

Defendant further claims that the judge showed bias when she instructed the jury on the warranty of habitability and the possibility that tenants could receive an award of attorney's fees.  In reviewing a jury charge, we "consider the charge as a whole to determine whether the charge was correct."  Toto v. Ensuar, 196 N.J. 134, 144 (2008) (citing Viscik v. Fowler Equip. Co., 173 N.J. 1, 18 (2002)).  The charge must "explain[] the applicable legal principles,

A-1656-18T1

outline[] the jury's function, and spell[] out 'how the jury should apply the legal principles charged to the facts of the case at hand.'"  Ibid. (quoting Viscik, 173 N.J. at 18).

With respect to a residential lease, a landlord is held to an implied warranty of habitability.  Marini v. Ireland, 56 N.J. 130, 144 (1970).

> [I]t is a covenant that at the inception of the lease, there are no latent defects in facilities vital to the use of the premises for residential purposes because of faulty original construction or deterioration from age or normal usage.  And further it is a covenant that these facilities will remain in usable condition during the entire term of the lease.  In performance of this covenant the landlord is required to maintain those facilities in a condition which renders the property livable.
>
> [Ibid.]

If a tenant alleges that a landlord has violated this covenant, the "tenant may initiate an action against [the] landlord to recover either part or all of a deposit paid."  Berzito v. Gambino, 63 N.J. 460, 469 (1973).  If the tenant proves that the landlord did breach the covenant, "the tenant will be charged only with the reasonable rental value of the property in its imperfect condition during [the] period of occupancy," as long as the tenant "[gave] the landlord positive and seasonable notice of the alleged defect" and "allow[ed] the landlord a reasonable period of time to effect the repair or replacement."  Ibid.

Here, tenants presented testimony that they requested that defendant make repairs to conditions that they alleged affected the habitability of the property, and the alleged failure to repair the conditions was tenants' reason for withholding rent. Accordingly, the judge did not err in instructing the jury on the implied warranty of habitability. We add that even if this instruction was erroneous, the jury found that defendant did not breach the warranty, so the jury charge was not "clearly capable of producing an unjust result." R. 2:10-2.

With respect to the possibility of tenants receiving an award of attorney's fees, defendant misinterprets the judge's instruction. The judge informed the jury that if tenants prevailed, the judge had the discretion to award them attorney's fees and that doing so was not a function of the jury. The lease provided that tenants could recover attorney's fees if defendant was found to have breached the lease, so even if tenants had ultimately succeeded at trial, defendant could not claim that she is not bound by the terms of the parties' contract. Again, we add that even if this instruction was erroneous, tenants were unsuccessful in the action seeking return of their security deposit, so the instruction was not "clearly capable of producing an unjust result." R. 2:10-2.

To the extent that we have not addressed any of defendant's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1656-18T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1656-18T1