**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2698-24

EDWARD McNEILL, JR.,

     Plaintiff-Appellant,

v.

PORT AUTHORITY OF
NY & NJ and GARDAWORLD,[1]

     Defendants-Respondents.

_____

UNITED AMERICAN SECURITY,
LLC d/b/a GARDAWORLD
SECURITY SERVICES i/p/a
GARDAWORLD,

     Third-Party Plaintiff,

v.

EWR CONRAC, LLC and
SIXT RENT A CAR, LLC,

---

[1] GardaWorld is not participating in this appeal and has not filed a brief. The record shows the pleadings were corrected to indicate the proper name for GardaWorld is "United American Security, LLC," doing business as "GardaWorld Security Services." We refer to this defendant as "GardaWorld" in our opinion.

Third-Party Defendants.

_____

EWR CONRAC, LLC,

      Fourth-Party Plaintiff,

v.

LANE VALENTE INDUSTRIES,
INC.,

      Fourth-Party Defendant.

_____

Argued December 16, 2025 – Decided January 2, 2026

Before Judges Firko and Vinci.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1864-23.

Christopher P. Gargano (Christopher P. Gargano, PC) argued the cause for appellant.

Timothy P. Malacrida argued the cause for respondent Port Authority of NY & NJ (Kirmser, Cunningham & Skinner, attorneys; Timothy P. Malacrida, of counsel and on the brief).

PER CURIAM

On leave granted, plaintiff Edward McNeill, Jr. appeals from a January 31, 2025 order denying his motion for leave to file and serve a second amended complaint seeking to substitute EWR ConRAC, LLC (EWR ConRAC) and SIXT

Rent-A-Car, LLC (SIXT) for fictitiously named parties. Plaintiff also appeals from a March 14, 2025 order denying his motion for reconsideration. Having reviewed the record and applicable law, we reverse.

I.

The relevant facts are undisputed. On June 8, 2022, plaintiff was operating a shuttle vehicle in the course of his employment with EDS Service Solutions (EDS) at the QTA Lot at Newark Liberty International Airport in Newark. While plaintiff was driving over a hydraulic gate embedded in the ground, the gate suddenly and violently rose, propelled his vehicle upward, and caused him to hit his head against the interior roof. As a result, plaintiff sustained injuries to his head, neck, back, and right leg. In November 2022, plaintiff sent Port Authority of New York & New Jersey (Port Authority) a notice of intent to file a tort claim, and Port Authority responded by acknowledging the incident in writing.

On May 26, 2023, plaintiff filed a complaint in the Law Division. On June 6, 2023, he filed an amended complaint, the operative pleading here, to correct the spelling of his last name. Plaintiff named Port Authority[2] and

---

[2] We note the statute of limitations (SOL) for claims against Port Authority is one year, N.J.S.A. 32:1-163.

A-2698-24

GardaWorld as defendants and listed fictitious defendants to "designate persons or entities whose real identities are presently unknown."

The amended complaint against the fictitious defendants alleged:

> 1. On or about June 8, 2022, . . . [McNeill] . . . was lawfully travel[]ing in his vehicle at or near the entrance gate . . . which was owned, operated, controlled[,] and leased, subleased, maintained, constructed, repaired, supervised, or inspected by the defendants.
>
> 2. At all times mentioned herein, the premises and/or parts or components thereof were designed, manufactured, assembled, sold, distributed, modified, repaired, installed, serviced, maintained, constructed, or otherwise placed into the stream of commerce by the defendants.
> . . . .

In his amended complaint, plaintiff demanded discovery from Port Authority and GardaWorld, including answers to form C interrogatories, the names and addresses of all proposed expert witnesses with any written reports, treating physicians expected to testify at trial, written reports related to the accident, photographs or videos from the accident, and disclosure of any personal injury claims, lawsuits, or injuries related to the accident that defendant might possess. Further, plaintiff requested party statements, witness identities, documents regarding inspection, maintenance, or repair of the property or gate's condition, vehicle maintenance and repair records, contracts between any

4

parties, and defendants' addresses. He also requested any insurance agreements which may afford coverage to satisfy, indemnify, or reimburse, part of or all of a judgment against defendants. The amended complaint informed defendants of their requirement to produce this discovery within thirty days.

On August 1, 2023, Port Authority filed a stipulation extending its time to answer to September 8, 2023. On August 4, 2023, GardaWorld filed an answer to plaintiff's amended complaint.

On September 8, 2023, Port Authority filed an answer to plaintiff's amended complaint. In its answer, Port Authority admitted it "leases Newark Airport pursuant to a long-term lease agreement and the Port Authority controls only those portions of Newark Airport not owned, operated, maintained, and controlled by others pursuant to lease, license, permit, contract, or other written agreement or by virtue of their use and occupancy or operations thereat," but Port Authority did not state to whom it leased the subject premises. Pursuant to Rule 4:5-1(b)(2),[3] Port Authority certified that "all known necessary parties have been joined in this action."

---

[3] Rule 4:5-1(b)(2) provides:

> [E]ach party shall disclose in the certification the names
> of any non-party who should be joined in the action

A-2698-24

The case was designated as a track II personal injury case and assigned three hundred days of discovery. Plaintiff filed two motions to extend the discovery end date (DED), which ultimately was extended to October 27, 2024. On July 10, 2024, after the two-year SOL pursuant to N.J.S.A. 2A:14-2(a) applicable to plaintiff's claims against EWR ConRAC and SIXT expired, GardaWorld responded to plaintiff's interrogatories and identified them as potentially liable entities.

In August 2024, Port Authority served its answers to plaintiff's interrogatories—almost nine months overdue—disclosing for the first time a lease agreement with EWR ConRAC to maintain the subject premises, and that SIXT contracted with GardaWorld to operate the gate.

In January 2025, plaintiff filed a motion for leave to amend his amended complaint to substitute the newly discovered entities, EWR ConRAC and SIXT, for fictitiously named defendants XYZ Entity 1 and XYZ Entity 2, and to correct

pursuant to R[ule] 4:28 or who is subject to joinder pursuant to R[ule] 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification.

A-2698-24

the names of two defendants. The latter is not challenged on appeal. Port Authority opposed plaintiff's motion on the basis the claims were futile as they could not relate back to the date of the original complaint under any applicable authority. The court denied plaintiff's motion to substitute EWR ConRAC and SIXT, concluding he failed to add an appropriate description sufficient for identification and cited Rule 4:26-4, "[a] plaintiff utilizing a fictitious party designation must 'add[] an appropriate description [of the unknown party] sufficient for identification.'"

In February 2025, plaintiff filed a motion for reconsideration and requested oral argument if opposed. Plaintiff argued reconsideration was warranted because: (1) the court misapplied Rule 4:26-4's requirements for utilizing fictitious party substitution; (2) defendants actively concealed the identities of the other potential defendants until after the SOL expired; and (3) defendants erroneously certified all necessary parties had been joined in the action. Plaintiff asserted he exercised due diligence in attempting to ascertain the identities of the fictitious defendants and that he provided a "functional description of the responsible parties," under Rule 4:5-2,[4] because he identified

---

[4] Rule 4:5-2 provides:

the accident location, alleged that the premises were owned, operated, controlled, leased, maintained, or inspected by defendants, and described the dangerous condition.

Port Authority opposed plaintiff's motion for reconsideration, arguing he failed to demonstrate due diligence, and that his description of fictitious defendants was insufficient for identification because he failed to differentiate them in "any specific capacity." The court denied plaintiff's request for oral argument and his motion for reconsideration. A memorializing order was entered.

On March 18, 2025, GardaWorld filed a motion seeking leave to file a third-party complaint against EWR ConRAC and SIXT. Counsel for GardaWorld submitted a certification in support of the motion, stating that on the date of the incident, plaintiff was a driver for EDS, and as he entered the

> Except as may be more specifically provided by these rules in respect of specific actions, a pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim or third-party claim, shall contain a statement of the facts on which the claim is based, showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the pleader claims entitlement . . . .

A-2698-24

SIXT lot, "[t]he gate at the entrance to the lot went down," and as he drove over the gate, it "went up" and struck his vehicle.

Counsel certified the property where the gate was located was owned by Port Authority. Counsel explained Port Authority "had entered into a lease agreement with EWR ConRAC," and "EWR ConRAC was to maintain the premises." Counsel further certified that EWR ConRAC entered into a "sub-lease agreement" with SIXT, and an agreement with GardaWorld, to "provide security services at the lot."

On April 11, 2025, the court granted GardaWorld's motion for leave to file a third-party complaint against EWR ConRAC and SIXT, pursuant to Rule 4:8-1. On May 28, 2025, counsel for Port Authority filed an answer to the third-party complaint, cross-claims, and filed a fourth-party complaint on behalf of Port Authority and EWR ConRAC.

The fourth-party complaint alleges fourth-party defendant, Lane Valente Industries, Inc., "was responsible for maintaining the gate at issue on and before the date of the incident alleged." We granted plaintiff leave to appeal on May 2, 2025.

On appeal, plaintiff renews his argument that the court erred in denying his motion to amend his amended complaint under Rule 4:26-4 because the

requirements for fictitious party substitution were met. Plaintiff contends leave to amend should have been freely granted in the interests of justice. He also argues the court misapplied the standard for reconsideration under Rule 4:42-2, failed to address critical factual omissions by Port Authority that prejudiced his ability to amend, and the refusal to grant oral argument on a contested, dispositive motion deprived him of due process. Plaintiff maintains equity requires reversal based on Port Authority's misrepresentations and omissions, which frustrated a timely amendment under Rules 4:26-4 and 1:1-2(a).[5]

Port Authority seeks affirmance. At oral argument, Port Authority's counsel conceded it would suffer no prejudice if plaintiff's motion to substitute in EWR ConRAC and SIXT was granted. On May 29, 2025, we granted plaintiff's motion to supplement the record, stayed all trial court proceedings, and adjourned the July 17, 2025 arbitration without date.

II.

---

[5] Rule 1:1-2(a) provides:

> The [R]ules . . . shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. . . any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.

The SOL provides a time period in which a party may bring suit to prevent stale claims and "promote[s] repose by giving security and stability to human affairs." Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001) (quoting Wood v. Carpenter, 101 U.S. 135, 139 (1879)). Actions for personal injuries must be commenced within two years after the cause of action accrues. Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998) (citing N.J.S.A. 2A:14-2(a)). There is no dispute plaintiff's cause of action accrued on June 8, 2022, and that he failed to assert a claim against EWR ConRAC and SIXT before the two-year SOL expired.

The principal consideration underlying the enactment of the SOL is one of fairness to defendants. Lopez v. Swyer, 62 N.J. 267, 274 (1973). Still, our courts recognize the significant policy interest favoring the resolution of claims on their merits. Viviano v. CBS, Inc., 101 N.J. 538, 547-49 (1986) (noting that "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim"). One of those rules is the fictitious pleading rule, which provides, "[i]n any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name." R. 4:26-4.

The Rule permits "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the [SOL] to identify the true defendant," which amended pleading will "relate[ ] back to the time of filing of the original complaint, thereby permitting the plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred." Viviano, 101 N.J. at 548. "[T]he first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be 'unknown' to the plaintiff." Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 629 (App. Div. 1997) (quoting Marion v. Borough of Manasquan, 231 N.J. Super. 320, 334 (App. Div. 1989)).

Therefore, "the fictitious name practice authorized by Rule 4:26-4 may be used only when plaintiff does not know or have reason to know the identity of an alleged culpable party." Cardona v. Data Sys. Comput. Ctr., 261 N.J. Super. 232, 234 (App. Div. 1992). Our Supreme Court has construed Rule 4:26-4 to allow "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the [SOL] to identify the true defendant." Viviano, 101 N.J. at 548. When this procedure is properly used, "an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint." Baez v. Paulo, 453 N.J. Super.

422, 437 (App. Div. 2018) (quoting Viviano, 101 N.J. at 548), certif. denied, 235 N.J. 107 (2018).

Although the fictitious pleading rule allows a party to amend its complaint after the expiration of the SOL, "case law has emphasized the need for plaintiffs and their counsel to act with due diligence in attempting to identify and sue responsible parties within the [SOL] period." Id. at 438; see, e.g., Matynska v. Fried, 175 N.J. 51, 52-54 (2002); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003). Simply put, "Rule 4:26-4 may only be used by a plaintiff 'if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint.'" Baez, 453 N.J. Super. at 438 (citations omitted) (quoting Claypotch, 360 N.J. Super. at 479-80). See also Claypotch, 360 N.J. Super. at 479-80 ("To be entitled to the benefit of this [Rule], a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant").

In determining whether a plaintiff has proceeded in a sufficiently diligent manner when substituting the true name of a fictitiously identified defendant, "a crucial factor is whether the defendant has been prejudiced by the delay in its identification as a potentially liable party and service of the amended

complaint." Claypotch, 360 N.J. Super. at 480. As we stated in Baez, a plaintiff must satisfy two levels of diligence to be accorded the tolling benefits of the rule:

> First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming John Doe parties. Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity.
>
> [453 N.J. Super. at 439. (citation omitted).]

Here, the court erroneously concluded Rule 4:26-4 did not apply because plaintiff failed to sufficiently identify the newly discovered entities in his amended complaint. Under the circumstances presented, we are satisfied plaintiff sufficiently identified other parties with potential liability for his incident in his amended complaint. We also conclude, based on the facts and circumstances of this case, plaintiff acted diligently in discerning the identities of EWR ConRAC and SIXT.

Plaintiff's counsel timely filed a notice of claim, including photographs of the incident scene, on Port Authority, which acknowledged the incident on November 22 and 30, 2022. Port Authority did not advise plaintiff the QTA lot was leased to, operated, or maintained by third parties. Rather, Port Authority's

14

response reasonably led plaintiff and his counsel to believe the incident occurred on Port Authority's property. Moreover, Port Authority requested that plaintiff execute medical authorizations, again leading to the impression it was the culpable party. Further, when Port Authority's counsel certified under Rule 4:5-1(b)(2) that "all known necessary parties have been joined in this action," plaintiff's counsel had a right to rely upon that representation. The record also shows Port Authority's predecessor or successor counsel never amended the Rule 4:5-1(b)(2) certification.

Nonetheless, plaintiff promptly began the process of discovery to ascertain the identity of other parties with potential liability for the incident. Importantly, plaintiff's discovery demands propounded on Port Authority—in addition to form C interrogatories—sought maintenance records, inspection logs, leases, and service agreements. The two-year SOL applicable to plaintiff's claims against EWR ConRAC and SIXT lapsed before Port Authority—and GardaWorld—served their answers to written discovery. It was not until July 2024 when GardaWorld and August 2024 when Port Authority finally disclosed the identities of EWR ConRAC and SIXT—more than two years after the accident occurred and the SOL expired.

A-2698-24

We have held that a plaintiff's request for discovery constitutes "diligent efforts" in circumstances where such requests are "continually thwarted" by defendants. Worthy v. Kennedy Health Sys., 446 N.J. Super. 71, 91 (App. Div. 2016). Port Authority suggests in its merits brief that plaintiff could have exercised greater efforts to identify EWR ConRAC and SIXT from his text message group chat or by conducting a Google search. We reject Port Authority's arguments because, as stated in Baez, we do not endorse "scattershot" naming in a complaint of every individual or entity whose name may appear in records, since "such indiscriminate overinclusion would be contrary to public policy." 453 N.J. Super. at 444. We also stated in Baez that "[r]easonable due diligence by a plaintiff should not be equated with overzealous litigiousness." Ibid. The court did not make a finding here that plaintiff was not diligent.

When plaintiff learned of EWR ConRAC's and SIXT's involvement, he waited five months to move to amend his pleadings. We are not persuaded by Port Authority's assertion that plaintiff was not diligent by waiting five months to add these parties under the facts of this case. As stated, the delay was at least in part the result of Port Authority's failure to timely respond to discovery or otherwise provide the necessary information. Saliently, Port Authority's counsel

16

concluded it would not be prejudiced if plaintiff were allowed to pursue claims against the two new parties. After we granted leave to appeal, discovery was stayed, and a fourth-party complaint was filed. In light of our decision, we need not address plaintiff's other arguments.

We, therefore, reverse the court's January 31, 2025 order denying plaintiff's motion for leave to file and serve a second amended complaint and the March 14, 2025 order denying reconsideration.

Reversed and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

17                                                                    A-2698-24